## DON *v.* DON.

1. No litigant will be heard to complain of an order or judgment of the court which he procures or assists in procuring, unless it be made plainly to appear that the consent of the party seeking to complain was obtained by fraud or mistake.

2. A petition to revoke an order of the court, whereby it was agreed that the rights of the plaintiff for alimony should be considered and determined in the trial of the petition for divorce brought by her husband, and that the wife's petition for alimony should abate, was properly denied, there being no showing whatever that any rights lost. by the plaintiff by reason of the order were not freely and voluntarily waived.

No. 5170. MAY 13, 1926.

Petition to set aside decree. Before Judge Meldrim. Chatham superior court. October 26, 1925.

On August 11, 1923, Flora Don filed a suit against her husband, Joseph Don, alleging that he had cruelly treated her and had abandoned his home, and praying that she be granted temporary and permanent alimony as well as attorney's fees. On the same date in said court, Joseph Don filed a petition seeking a divorce from Flora Don, upon the ground of cruel treatment. The trial judge issued a rule nisi in accordance with the prayers of the petition of Flora Don, calling upon the defendant therein to show cause on August 17, 1923, why the prayers of the plaintiff should not be granted. On said date the following order was entered, prior to the hearing on the rule nisi: "It appearing to the court that suit for alimony, permanent and temporary, is now pending at the instance of Flora Don against Joseph Don, and that said Joseph has his pending suit for divorce against said Flora, it is agreed by the attorneys hereto that said alimony suit abate, and all the rights of said Flora Don as to permanent and temporary ali-

mony be determined on the trial of said divorce suit." Signed by the court and by counsel for both parties.

On December 6, 1923, the jury trying the cases as thus consolidated returned a first verdict finding in favor of a total divorce between the parties. At the June term, 1924, the jury returned a verdict in favor of a divorce to Flora Don and against granting a divorce to Joseph Don, and awarding Flora Don alimony and attorney's fees. Flora Don moved for a new trial, which motion was overruled, and she brought the case to this court. *Don* v. *Don*, 160 *Ga.* 896 (129 S. E. 287). After the judgment of this court granting her a new trial Flora Don filed, on October 20, 1925, a "motion to vacate the order of consolidation" of August 17, 1923, said motion being based upon the grounds that the order of consolidation was illegal and contrary to law: "a. Because the parties to the suits were not the same, either as plaintiff or defendant. b. Because the rights of the wife, plaintiff, for alimony, arose under contract, while the rights of the husband, for divorce, under tort. c. Because the pleas involved were wholly separate and distinct. d. Because the same verdict could not be rendered in both cases. e. Because the plaintiff, for alimony— here movant, was constrained to abate her suit as plaintiff by petition, and became a defendant by cross-bill. f. Because movant, by the order of consolidation, became defendant in her suit for alimony, and did lose her right to open and conclude the evidence and argument." In answer to the rule nisi granted on said motion, Joseph Don set up that said order of consolidation was legal and binding, that since the passage of same two trials of said case have been had, that no exception was taken to said order, that the plaintiff through her attorney of record (he still representing her) agreed in writing to said order as shown thereon, and for all these reasons she is now estopped to attack the legality of the same. The trial judge overruled the motion to revoke the order of August 17, 1923, and the plaintiff in error excepted.

*Don H. Clark*, for plaintiff.

*Charles G. Edwards* and *Edwin A. Cohen*, for defendant.

RUSSELL, C. J. (After stating the foregoing facts.) As appears from the record, the original order of August 17, 1923, even if it can be properly construed as an order of consolidation, in spite of the fact that it is an order "to abate" the petition for

16

alimony, let it be conceded that it is an order of consolidation, the simple question presented by the bill of exceptions is whether the trial judge erred in declining to revoke the order which appears in the statement of facts. This order, whether construed as one of consolidation or as an agreement on the part of the plaintiff in error to abate her proceeding for alimony, was granted by the court, not upon his own motion, nor upon the motion of Joseph Don, the defendant in error, but upon the consent of the plaintiff in error as evidenced by the signature of her counsel, who still is her sole attorney. Regardless of any question that might be involved as to a failure to file timely exceptions pendente lite, or as to whether, in view of the fact that the two suits were separate proceedings, the order of August 17, 1923, was or was not a final disposition of the case, the issue before us is determined by the principle that no one can complain of a judgment which he himself invokes or to which he expressly agrees. There was consequently no error in the judgment of the learned trial judge in declining to revoke, at the instance of a party who had knowingly and willingly agreed thereto, a judgment of the court which, so far as appears from the record, was not incompatible with any of the rights of the plaintiff in error, except that by the agreement and treating the plaintiff's petition for alimony as a cross-action to the petition of the defendant in error for a divorce, the counsel for the plaintiff in error lost the right to open and conclude evidence and argument. While it may be said that an action for divorce depends upon tort, and a suit for alimony arises out of a breach of some of the obligations of a marriage contract, the general rule that there can not be a merger of actions for torts with those based upon contract finds an exception in actions for divorce, in which alimony may be asked in the original petition. The right to divorce does not intrinsically depend upon tort, but itself at last relies upon a breach of the marriage contract by some act which by statute in this State is made a ground of divorce. If, as insisted by the plaintiff in error, the former plaintiff for alimony has really been "constrained to abate her suit as plaintiff by petition, and became a defendant by a cross-bill," a different question would be presented from that now before us. In the case at bar the plaintiff in error agreed to abate her suit, and certainly after two years have elapsed she can not now be

heard to complain either in the lower court or in this. If she "did lose her right to open and conclude the evidence and argument," it was under her own agreement bespoken through the same attorney who still represents her. Even if the pleadings were in no wise correlated, and even if the order of consolidation forced the wife to abate her suit for alimony and become defendant by cross-bill, these were voluntary waivers of rights upon her part, which she was empowered to make and which can not be whimsically withdrawn. None of the provisions of sections 2945, 2951, 2952, 2975, 2976, or 5520 affect the general principle which allows a litigant to expressly waive rights accorded him upon which he may either insist or relinquish at his option.

*Judgment affirmed. All the Justices concur.*