### TAYLOR *et al. v.* BROWN *et al.*

The verdict on trial of an action to recover land, construed (in connection with the pleadings, the evidence, and the instructions to the jury) as finding for one of the three plaintiffs (naming her) a one-third undivided interest in the land, and in favor of the defendants as to the other two-thirds interest, was sufficient in form, and was authorized by the evidence.

Under proper construction of the deed conveying estates for life and in remainder, the rulings of the trial judge in admission of evidence and in charging the jury (as shown by the opinion, infra) were not erroneous.

No. 6114. FEBRUARY 17, 1928.

Complaint for land. Before Judge Crum. Crisp superior court. June 18, 1927.

On June 9, 1900, D. H. Davis executed the following deed:

"State of Georgia, Worth County. This indenture made this the ninth (9) day of June in the year of our Lord One Thousand & Nine Hundred (1900), between D. H. Davis of the State and County first written of the first part and Sarah M. Pitts & her present children & any & all other children she may have by the said A. J. Pitts, her present husband, the present children

Ejectment, 19 C. J. p. 1166, n. 85; p. 1187, n. 85; p. 1199, n. 33; p. 1204, n. 94; p. 1207, n. 50.

being named Nora Bell Pitts & Myrtis Lee Ola Pitts & the said Sarah M. Pitts holds her interest so long as she lives or is a widow if her present husband dies & she should marry again her interest in said land ceases & is of no more effect & the children she has by the said A. J. Pitts is the entire owners of said land & the same shall in no way be heired or controlled by no one except the said A. J. Pitts so long as he lives he has a lifetime estate & interest in the said land & has full control of it at all times during his life for his wife & children not to sell in any manner but to live on & rent & manage as he sees fit for the best interest for his wife and children & said land not being bound in any way for his the said A. J. Pitts debts & the said party of the second part being of the State of Georgia & County of Wilcox: Witnesseth that the said D. H. Davis for & in consideration of the sum of One Thousand Dollars cash in hand paid at & before the sealing and delivery of these presents the receipt whereof is hereby acknowledged hath granted, bargained, sold & conveyed & by these presents does grant bargain sell & convey unto the party of the second part their heirs & assigns all that tract or parcel of land lying & being in (13) Thirteenth District of Dooly County, Georgia, and known in the plan of said district by the number (168) one hundred and sixty-eight containing (202 1/2) acres more or less. To have and to hold the said tract or parcel of land with all & singular the rights members & appurtenances thereof appertaining to the only proper use benefit & behoof of the said parties of the second part their heirs and assigns forever in fee simple—and the said party of the first part for his heirs, executors and administrators will warrant & forever defend the right & title to the above described property unto the said parties of the second part their heirs & assigns against the claims of all persons whomsoever. In witness whereof the said party of the first part has hereunto set his hand and affixed his seal the day and year first above written.

D. H. Davis, L. S.

"Signed, sealed, and delivered in the presence of

W. T. Mitchell. A. J. Davis, Not. Pub. Worth Co. Ga."

Sarah M. Pitts died on November 4, 1900. Surviving her were A. J. Pitts and their children, Nora B., Myrtis L., and Dallis H. Pitts, the last named having been born after the execution of the deed. Subsequently Nora B. became Taylor by marriage, and

Myrtis L. became Smith by marriage. After the marriage of those two and the attainment of majority by one of them, and while they were both married women, they, with their brother, Dallis H. Pitts, joined in a voluntary deed to A. J. Pitts, dated December 5, 1918, stating the consideration to be one dollar and love and affection for their father, purporting to convey in fee simple all of their respective interests in the land. A. J. Pitts had previously been appointed statutory guardian for Nora B. and Myrtis L. Pitts, and was formally discharged as guardian after the date of said deed. On December 13, 1919, A. J. Pitts conveyed the land to J. H. Brown and W. H. Dorris for a consideration of $10,000. On October 3, 1921, A. J. Pitts died. On February 2, 1925, Nora B. Taylor, Myrtis L. Smith, and Dallis H. Pitts instituted an action against said Brown and Dorris, to recover the land. On the trial the jury found "in favor of the plaintiff Dallis H. Pitts." Nora B. Taylor and Myrtis L. Smith filed a motion for new trial, which was overruled, and they excepted.

*James H. Pate,* for plaintiffs.

*Kirkland & Kirkland* and *George H. Harris,* for defendants.

HILL, J.   1.   The verdict is to be construed in connection with the pleadings, the evidence, and the charge of the court. *Harvey* v. *Head,* 68 *Ga.* 247. Three plaintiffs were suing jointly to recover the land, and the jury found for one of the plaintiffs alone. It appears from the charge that the jury, having had the case under consideration, returned to the jury-box, and the foreman asked the court the following question: "If the jury should find in favor of one of the plaintiffs, what would become of the other interest?" Whereupon the court charged as follows: "If the jury should return a verdict in favor of one of the plaintiffs, naming him or her as the case may be, that would mean that the one plaintiff whom the jury finds in favor of would recover a one-third undivided interest in the lot of land sued for, and the defendants would hold the other two-thirds undivided interest in the lot of land sued for." After this charge and further instructions to the same effect, the jury retired, resumed consideration of the case, and returned the verdict. In the circumstances the verdict should be construed as finding an undivided one-third interest in the land for the plaintiff whose name was specified, and in favor of the defendants as to the other two-thirds, and against the

remaining plaintiffs, thus denying them any recovery. So construed, the verdict was sufficient, and the grounds of the motion for new trial complaining of it on account of its form are without merit. The case differs on its facts from the cases of *Settle* v. *Alison,* 8 *Ga.* 201 (52 Am. D. 393) ; *Wood* v. *McGuire,* 17 *Ga.* 361 (63 Am. D. 246).

2. Properly construed, the deed made by D. H. Davis on June 9, 1900, does not purport to create A. J. Pitts a trustee for Sarah M. Pitts or her children. The only legal title conferred upon A. J. Pitts was "a life-estate and interest in the land." Estates in remainder were provided for the children; and in order for A. J. Pitts to become trustee for the children for such estate, it would be necessary for him to have legal title to such estate for the use of the children. The instrument does not purport to confer legal title on him for such remainder estates. The language conferring upon A. J. Pitts "full control of" the land "at all times during his life for his wife and children not to sell in any manner but to live on and rent and manage as he sees fit for the best interest of his wife and children," considered in connection with its context, relates merely to a power or agency, and is not to be construed as creating a trust, for the reason, as above indicated, that the instrument nowhere purported to convey to A. J. Pitts legal title to any interest which Sarah M. Pitts or her children should take under the deed.

3. Among others the deed contains the following provisions: "The said Sarah M. Pitts holds her interest so long as she lives or is a widow. If her present husband dies and she should marry again her interest in said land ceases and is of no more effect;" and "the said A. J. Pitts so long as he lives he has a lifetime estate and interest in the said land." These provisions considered in connection with their context, properly construed, provide life-estates for both A. J. Pitts and Sarah M. Pitts in the property as a whole; the latter estate being subject to reduction to an estate in the whole property during widowhood in the event A. J. Pitts should predecease Sarah M. Pitts. The language, "the children she has by the said A. J. Pitts is the entire owners of said land and the same shall in no way be heired or controlled by no one except the said A. J. Pitts," is not to be construed as vesting in the minor children an estate in remainder in an undivided interest in the

land, to take effect at the death of Sarah M. Pitts prior to the death of A. J. Pitts, but, the deed construed in its entirety, the estates in remainder to the children are to take effect at the death of the survivor of Sarah M. and A. J. Pitts.

4. The trial court, having so construed the deed, did not err in charging the jury: "A. J. Pitts, under the construction of the deed that the court makes in this case, could not be the guardian of these children as to this particular property, because, as already stated, the children were not entitled to come into the use and enjoyment of the property until after the death of A. J. Pitts."

5. The court did not err in charging the jury as follows: "If a deed were made by a ward to his or her guardian, then, after such guardianship was over, such a deed as that would likewise be a voidable deed; a deed made under such circumstances would be voidable, it wouldn't be absolutely void, but would be a voidable deed. It could be ratified and affirmed by election, or by acquiescence, the same as a minor could allow his deed to ripen into and become in time an unattackable title into one from his ward; and likewise they must move within a reasonable time after the guardianship has been dismissed, or after they had arrived at majority, to disaffirm such deed made by the ward to the guardian, if one was made during such guardianship." *Harris* v. *Cannon,* 6 *Ga.* 382; *Howard* v. *Tucker,* 65 *Ga.* 323; *Nathans* v. *Arkwright,* 66 *Ga.* 179; *Candler* v. *Clarke,* 90 *Ga.* 550 (16 S. E. 645); *Treadaway* v. *Richards,* 92 *Ga.* 264 (3) (18 S. E. 25); *Bentley* v. *Greer,* 100 *Ga.* 35 (27 S. E. 974); *McGarrily* v. *Cook,* 154 *Ga.* 311 (114 S. E. 213).

6. The court did not err in admitting in evidence the deed by the children to A. J. Pitts, executed shortly after one of the children had attained majority, at which time the other two children had nearly attained majority, the two eldest children being at the time married women, and A. J. Pitts the grantee not having been discharged as their guardian. The deed was admissible in connection with other evidence tending to show there was no disaffirmance of the deed prior to the death of their father, which occurred several years before institution of the suit, and that each of them had receipted their father in full on settlement after attaining majority, and that he had been properly discharged.

7. Applying the principles hereinbefore announced, none of the grounds of the motion for new trial show cause for reversal.

*Judgment affirmed. All the Justices concur.*

RUSSELL, C. J., BECK, P. J., and GILBERT and HINES, JJ., concur in the judgment.