### 31844. ANTHONY v. WRIGHT.

FELTON, J. Processioners only have jurisdiction and authority to ascertain and mark anew old lines which have previously been designated on the surface of the earth. They cannot set up a line otherwise. They cannot set up a line merely shown in a deed or plat, or a compromise line not designated on the earth's surface. Accordingly, a line sought to be set up by processioners either from deeds or plats, or both, or partially from a deed or plat or both, and partially by arbitrary selection of arbitrary and unmarked lines, corners and termini, was unauthorized. The verdict of the jury upholding the line set up by the processioners was without evidence to support it, and the court erred in overruling the protestant's motion for a new trial. See *Smith v. Clemons,* 71 *Ga. App.* 589 (31 S. E. 2d, 621), and cit. It is not necessary to pass on the other questions raised.

*Judgment reversed. Parker, J., concurs. Sutton, C. J., concurs specially.*

SUTTON, C. J., concurring specially. I concur in the reversal of the judgment in this case. But for rules to be observed in processioning land lines, see Code, §§ 85-1601 to 85-1608, inclusive. The surveyor and processioners have authority under the law to trace and mark anew lines that have been fixed or designated, that is, lines that have previously existed. They cannot run and set up a new line where none has previously existed, and this would mean that they can not make a compromise line. But where adjoining landowners have agreed on or fixed a line between their lands and have acquiesced in it for seven years or more, such line can be run and marked by the surveyor and processioners.

DECIDED JANUARY 28, 1948.

*Clement E. Sutton,* for plaintiff in error.
*W. A. Slaton,* contra.