41246. GOODSON et al. v. POPE.

SUBMITTED APRIL 5, 1965—DECIDED JULY 2, 1965—
REHEARING DENIED JULY 14, 1965.

A. J. *Whitehurst*, for plaintiff in error.

*Alexander, Vann & Lilly, Heyward Vann, Roy M. Lilly*, contra.

JORDAN, Judge. "The remedy afforded by the statute for the processioning of land . . . [*Code Ch.* 85-16] is applicable only to the location of land lines which once were marked or established. It is not available as a proceeding to make and establish new lines between adjacent landowners, nor as a substitute for an action to try conflicting claims of title to land." *Wheeler v. Thomas*, 139 Ga. 598 (77 SE 817).

"Processioners determine the location of lines as they actually exist, and not lines as they ought to be, in view of the title of the parties. They do not determine title. See *Boyce v. Cook*, 140 Ga. 360 (78 SE 1057); *Bowen v. Jackson*, 101 Ga. 817 (29 SE 40); *Wheeler v. Thomas*, 139 Ga. 598 (77 SE 817). Processioning is not a substitute for an action to try conflicting claims of title to land. In *Amos v. Parker*, 88 Ga. 574 (16 SE 200), it was said: 'To ascertain and fix new lines is not within the power or functions of processioners. Their vocation is to run and mark lines which at some previous time were located and established. They seek and find lines already existing, but cannot bring into existence any which have not been before designated on the surface of the earth. Lines merely drawn on paper, or in the minds of contracting parties, are not ready for the search or services of processioners.' See also *Crawford v. Wheeler*, 111 Ga. 870 (36 SE 954); *Walker v. Boyer*, 121 Ga. 300 (48 SE 916)." *Standard Oil Co. v. Altman*, 173 Ga. 777, 779 (161 SE 353).

The record in this case clearly discloses that the processioners did not locate and mark anew an existing dividing line between the property of J. Brewer Pope and that of W. F. Pope and L. R. Goodson but that they established a new line, based on the contentions and conflicting claims of title of the parties involved, where no boundary line had been previously established. The processioners were thus acting without authority of law, as processioning is not a substitute for an action to try conflicting claims of title to land (*Amos v. Parker,* 88 Ga. 574, supra; *Crawford v. Wheeler,* 111 Ga. 870, supra; *Wheeler v. Thomas,* 139 Ga. 598, supra); and a finding against their return was demanded. The jury by its verdict, however, not only found against the return of the processioners, but attempted to set up another line as the true dividing line. This the jury could not do, for there was no evidence of any definite and ascertainable dividing line having been established between the lands of the parties in dispute here whose muniments of title called for different lines as the common boundary. "A verdict finding against the return of the processioners, and where the evidence is not sufficiently specific and definite and certain to establish some other line, the issue as to the dividing line stands as though the processioning had never been procured. *Russell v. King,* 180 Ga. 271 (178 SE 706)." *Hall v. Browning,* 71 Ga. App. 694, 696 (32 SE2d 126).

The remedy of processioning was thus unavailing to these parties, whose dispute is one of title and not merely boundary, and the orders of the trial court denying the motion to dismiss the return and to set aside the verdict of the jury are reversed with direction that the proceeding be dismissed as to the parties to this appeal. *Walker v. Boyer,* 121 Ga. 300, supra.

*Judgment reversed with direction. Felton, C. J., and Deen, J., concur.*