41561. MULLIS v. BAKER.

SUBMITTED OCTOBER 4, 1965—DECIDED JANUARY 7, 1966.

880

Edward Parrish, S. B. McCall, for appellant.

Whelchel & Whelchel, Hoyt H. Whelchel, Jr., for appellee.

FELTON, Chief Judge. "Processioners only have jurisdiction and authority to ascertain and mark anew old lines which have previously been designated on the surface of the earth. They cannot set up a line otherwise. They cannot set up a line merely shown in a deed or plat, or a compromise line not designated on the earth's surface. Accordingly, a line sought to be set up by processioners from a deed or plat or both, and partially by arbitrary selection of arbitrary and unmarked lines, corners and termini, [is] unauthorized." Anthony v. Wright, 76 Ga. App. 425 (46 SE2d 194); Goodson v. Pope, 112 Ga. App. 71 (143 SE2d 779). There was evidence in the present case that the processioners and the surveyor took an old plat made by A. D. Ross, which was excluded from evidence on timely objection, and began at a fence corner on the northeast side of lands of Mrs. Mullis and measured west the distance shown on the plat in order to find the line which they established. While there may have been some evidence that they were marking anew an old line, in that they found a tree with the remnants of barbed wire imbedded in it and a stump with what could have been a blaze on it, there was also evidence that the marks on the cypress tree were such that they could

have been put there by nature or by man. Further, the surveyor testified that the wire in the tree was adjacent to an old roadbed and there could have been a fence along the old road. There was, additionally, evidence that the protestant had put up a fence in 1948 with the help of the applicant's husband, that the two had agreed that that was approximately the property line between them, that the protestant had sold off timber and stumps and turpentined trees down to approximately where the fence was with no complaint from the applicant, that the applicant had seen what was going on ever since the fence was erected, that she and her husband had ceased cutting and turpentining timber when the protestant bought the adjoining land, and that she and her husband had never crossed the fence since it had been erected.

The above evidence authorized the finding that the line found by the processioners was based on the old plat rather than a pre-existing line designated on the earth's surface and that the processioners' line was therefore unauthorized. There was also sufficient evidence from which the jury could have found acquiescence in the line marked by the fence for a period long enough to establish it as the property line, although the verdict does not show that they necessarily did so find. The latter evidence is relevant in this case only insofar as it supports the verdict against the processioners' line. Although it is *permissible* for the protestant in a processioning proceeding to obtain a verdict setting up the line as declared in his protest, if the evidence shall so warrant (*Stewart v. Jackson,* 144 Ga. 501 (3) (87 SE 656); *McCollum v. Thomason,* 33 Ga. App. 160 (1) (122 SE 800), and cit.; *Earney v. Owen,* 213 Ga. 412, 415 (99 SE2d 201)), the evidence here did not so warrant. The evidence showed that the fence had been erected *approximately* along the line as the parties *understood* it to be and, furthermore, its location was not established with sufficient exactitude to warrant a verdict and judgment establishing it as the property line. Even the protest alleged merely that the true line is "*approximately* 82 yards east of the line found by the processioners." The effect of the verdict "in favor of the protestant" and the judgment "in favor of R. R. Baker and against Mrs.

Mildred F. Mullis" was, therefore, merely to establish that the line as found by the processioners was not authorized. The verdict being supported by competent evidence, the court did not err in its judgment overruling the motion for a new trial on the general grounds.

*Judgment affirmed. Jordan and Deen, JJ., concur.*