41655. FULFORD v. JOHNSON et al.

FELTON, Chief Judge. "Processioners only have jurisdiction and authority to ascertain and mark anew old lines which have previously been designated on the surface of the earth. They cannot set up a line otherwise. They cannot set up a line merely shown in a deed or plat, or a compromise line not designated on the earth's surface. Accordingly, a line sought to be set up by processioners either from deeds or plats or both, or partially from a deed or plat or both, and partially by arbitrary selection of arbitrary and unmarked lines, corners and termini, [is] unauthorized." *Anthony v. Wright,* 76 Ga. App. 425 (46 SE2d 194); *Goodson v. Pope,* 112 Ga. App. 71,

72 (143 SE2d 779); *Mullis v. Baker,* 112 Ga. App. 879, 880 (146 SE2d 788). The evidence in this case shows that the processioners did not know if a line had ever been run before; that they had located no landmarks except for an old fence, which was not followed; that they considered their duty to be to go out and try to settle a land line between two parties who could not settle it themselves, running a new line if the original line cannot be found; that several lines were run by the compass without looking for landmarks until one was arbitrarily selected; that the line as finally established by them was a new line. There being no evidence that the line as determined by the processioners was established by acquiescence, adverse possession or any other means authorized by the law, the court erred in its judgment overruling the protestant's motion for new trial.

*Judgment reversed. Frankum and Pannell, JJ., concur.*

SUBMITTED JANUARY 3, 1966—DECIDED JANUARY 25, 1966.

*E. L. Stephens, Jr.,* for plaintiff in error.

*E. Herman Warnock,* contra.