41812.   THORNTON v. STATE HIGHWAY DEPARTMENT.

ARGUED FEBRUARY 7, 1966—DECIDED MARCH 17, 1966.

354

*Adams, O'Neal, Steele, Thornton & Hemingway, H. T. O'Neal, Jr., Robert E. Steele, Jr.,* for appellant.

*Arthur K. Bolton, Attorney General, Richard L. Chambers, Assistant Attorney General, T. Reese Watkins, Deputy Assistant Attorney General,* for appellee.

FELTON, Chief Judge. ■ The motion to dismiss the appeal on the ground that the judgment overruling the motion for a

new trial is not an appealable judgment under the Appellate Practice Act of 1965 (Ga. L. 1965, p. 18) is denied. *Munday v. Brissette*, 113 Ga. App. 147 (148 SE2d 55).

■ The first two enumerated errors may be treated together. The question involved in both is whether the appellant was entitled under the law by pre-trial discovery methods, interrogatories and depositions, to the information that J. A. Leggett, acting as an independent appraiser under employment by the Highway Department appraised the property condemned in this case at a certain amount. The Code sections applicable in this case are *Code Ann.* §§ 38-2105, 38-2108. The provisions of *Code Ann.* § 38-2109 relating to discovery and production of documents for inspection, copying or photographing, were never invoked by appellant in this case. The sections of the Code and the Acts of the General Assembly codified thereby are virtually identical to the applicable Federal Rules of Civil Procedure. The appellate courts of Georgia seem not to have rendered any decision interpreting the applicable rules to be applied to the facts of this case. The majority of the Federal court rulings are to the effect that the discovery provisions of the Federal Rules of Civil Procedure are not designed in land condemnation cases to force production of information relating to a party's expert appraisal of the property to be condemned. 86 ALR2d 160; United States v. Certain Acres of Land and J. R. Sealy, (D.C. Ga.) 18 F.R.D. 98. In Hickey v. United States (D.C. Penn.) 18 F.R.D. 88, the court in sustaining the objection to the interrogatories held: "The matter here sought is the names, addresses and positions of persons and firms from whom the defendant obtained appraisals regarding their expert opinion as to the valuation of the property in question, which is the subject of condemnation. As has often been pointed out interrogatories serve two purposes, first to ascertain facts and to procure evidence, or to secure information as to where it obtains, and second, to narrow the issues. . . Here no fact is the subject of ascertainment but on the contrary the information here sought is the expert opinion of witnesses trained in the valuation of real estate hired by the defendant to fix a value and presumably to testify for them at the trial of the cause.

While it is true that in many civil cases under our federal rules it is requisite for the adversary to help a litigant on the other side of the case in the developing of his side of the case, it always has to do with the facts as observed by witnesses to an occurrence or to a transaction and is not applicable to matters of expert testimony. Lewis v. United Airlines, etc., D. C., 32 FSupp. 21. In fact where an expert employed by one of the parties to a cause of action has been requested to furnish his expert testimony to another, it is not only his privilege but his duty to refuse compensation from one of the parties where he has already accepted employment from the other and such refusal ought not of itself to result in his being ordered to testify. Boynton v. R. J. Reynolds Tobacco Co., D. C., 36 FSupp. 593, at page 595." In United States v. Sealy, supra, Judge W. A. Bootle of the United States District Court for the Middle District of Georgia, held that after an exhaustive study of the questions, he concluded that a majority of the Federal courts passing on this question had determined that the discovery sought in cases of this type should properly be denied. The record in this case does not reveal a showing by the applicant that the information he sought was necessary for his use in his preparation for the trial of the case, nor that he could not by his own independent investigation and research obtain all necessary expert opinion testimony concerning the value of his property. The applicant produced four expert real estate appraisers who testified as to the fair market value of the property. In United States v. 7,534.04 Acres of Land (N.D. Ga.) 18 F.R.D. 146, Judge Frank Hooper, District Judge for the Northern District of Georgia, ruled: "The land is open to inspection by all parties, no information concerning the same is sought from the Government that is not readily available to the defendants. The information sought therefore, is necessarily information obtained by the Government in preparation of the trial of the case and in the opinion of this court is not obtainable by interrogatories." The same rule would apply as to depositions. In Lewis v. United Airlines Transport Corp., (W.D. Pa.) 32 FSupp. 21, the court said: "To permit parties to examine the expert witnesses of the other party in land con-

demnation and patent actions, where the evidence nearly all comes from expert witnesses, would cause confusion and probably would violate that provision of Rule 1 of F. R. C. P., which provides that the rules 'shall be construed to secure the just, speedy, and inexpensive determination of every action.' " We conclude that as to the first two enumerations of error, the court did not commit error. The rulings in *Atlantic C. L. R. Co. v. Daugherty*, 111 Ga. App. 144 (141 SE2d 112), do not require a ruling contrary to those herein made. In the *Daugherty* case the court was concerned with discovery of statements taken by a claim agent or adjuster in the regular course of his employer's business. That case does not deal with statements or reports submitted by a party's independent expert real estate appraiser. In the *Daugherty* case this court stated: "Defendant contends that the matter sought by plaintiff's motion is privileged, or is the attorney's work product, *but does not contend that it is not otherwise within the permissible scope.*" (Emphasis supplied.) It thus appears that the matter at issue in this case, whether the information sought is within the permissible scope of the discovery provision of the law, was not by any stretch of the imagination involved in the *Daugherty* case. None of the other cases cited by the appellant calls for a different ruling from that herein made.

■ The court did not err in the ruling complained of in the enumeration of error No. 3. The witness did not refuse to testify as to the value of the land because of a privilege existing because of his relationship with the Highway Department. The only basis for his refusing to give his opinion as to the value of the property was that he made his investigation about two years before the trial and had kept no report or notes of the appraisal, and that he could not recall the facts sufficiently to enable him to give the exact figure and support it. The trial judge has a broad discretion in such matters and we think that he did not abuse his discretion in not requiring the witness to testify under the circumstances. It would have been unfair to the witness and might have been harmful to one side of this case or the other, depending on whether the witness guessed his appraisal to be a higher or lower amount than it actually was.

Under the circumstances of this case, the estimate placed on the value of the land by Mr. Leggett would not be binding on either party or the jury, and it is our opinion that a jury would not be justified in accepting the appraisal of this particular witness based solely on the fact that he made the appraisal for one party to the case rather than for the other. In ruling upon this third enumeration of error, no decision or intimation is intended as to whether the communication was privileged or whether the witness could have been required to testify in the absence of any offer to compensate him for his services or to reimburse the Highway Department for its expenditure therefor. We only hold that the court did not err in refusing to require the witness to testify because he did not have the information at hand by which he could refresh his recollection.

The court did not err in overruling the motion for new trial.

*Judgment affirmed. Frankum and Pannell, JJ., concur.*