## 43449. MINOR v. RAY et al.

WHITMAN, Judge. This case involves a processioning proceeding. The appellees petitioned the processioners of Crawford County, stating that they owned Land Lot No. 87 and desired that its north line be surveyed and marked anew. The processioners, after due notification to adjoining landowners, went upon the land. The processioners' return to the ordinary stated that they "did . . . together with the county surveyor, survey said lands, and proceed to run and mark said lines around the entire tract of said applicant."

Appellant, Minor, filed a protest to the processioners' return, stating that the processioners' line was incorrect and that the true line is 234 feet south of the processioners' line at the west point and 348 feet south at the east point and is defined by a wire fence, certain corner markers, and blazed and painted trees. The ordinary, in accordance with the statute, filed the processioners' return together with the protest in the superior court for a determination. A trial was had with the jury finding the line established by the processioners to be the true lot line separating the properties. Minor appeals from the judgment on the verdict. *Held:*

1. "The remedy of processioning is applicable only to the location of land lines which once were marked or established; it is not available as a proceeding to make and establish new lines between adjacent landowners, nor as a substitute for an action to try conflicting claims of title." *Goodson v. Pope,* 112 Ga. App. 71 (143 SE2d 779). "It is not the function of processioners to bring into existence any line which had not been before designated on the surface of the earth, or to establish lines merely drawn on paper." *Allen v. Rome Kraft Co.,* 114 Ga. App. 717, 721 (152 SE2d 618). See also *Cosby v. Reid,* 21 Ga. App. 604 (94 SE 824), and citations.

2. In the present case all three processioners testified that they understood their purpose in going upon the land was to find the original land lot line. They testified that they were advised by the county surveyor as to the location of the line. The county surveyor testified that he had a short time prior, one or two months, been employed by Mr. Ray to survey his lot and find the location of the land lot line on the north side of Land Lot No. 87. He testified that the processioners took the line that he had surveyed. The processioners' testimony confirmed this.

165

Although the land lot line may have been the correct line, according to deeds, separating the tracts of the parties, the processioners were authorized only to establish any old line which actually existed. Whether any line which was in evidence on the surface of the earth coincided with deed descriptions was immaterial. It is not the duty of processioners to make corrections. They may only mark anew that which was there before.

The evidence did not authorize the jury to find in favor of the line established by the processioners. Although the processioners stated that they found some charcoal pits and a plowed field along or near the line which had been surveyed, the evidence showed that the processioners had a misconception of their duty and disregarded a wire fence from 5 to 20 years old, an iron stob, an inverted "well screen," and certain blazed and painted trees existing along the line contended as the old line, settling altogether on a line recently surveyed by a surveyor as an *original land line*, based upon information which he obtained from other sources.

*Judgment reversed. Felton, C. J., and Eberhardt, J., concur.*

ARGUED FEBRUARY 5, 1968—DECIDED JULY 11, 1968.

*H. Thad Crawley*, for appellant.
*John C. Scarborough, Jr.*, for appellees.