45449. MINOR v. RAY et al.

JORDAN, Presiding Judge. This is a dispute over the location of a boundary line clothed in the trappings of an ejectment. It follows an abortive effort to settle the dispute by processioning. *Minor v. Ray,* 118 Ga. App. 164 (162 SE2d 796). The plaintiffs, Ray et al., have record title to Landlot 87, 6th Land District, Crawford County, and the defendant, Minor, has record title to the eastern half of Landlot 74, same district, immediately north of Landlot 87. The case was submitted to the jury under instructions which, in effect, required it to determine which of two lines was the boundary, either as conforming to the true landlot line or as a line established by prescription. The written verdict, which was made the judgment of the court, establishes the line claimed by the plaintiffs as the landlot line and the boundary between the parties. The defendant appeals from the judgment and the overruling of his motion for a new trial. *Held:*

1. An appeal from the judgment in a dispute limited to the location of a boundary line, nothing otherwise appearing to bring it within the jurisdiction of the Supreme Court, is within the jurisdiction of the Court of Appeals. *Whaley v. Ellis,* 209 Ga. 147 (71 SE2d 209); *Lively v. Thompson,* 209 Ga. 425 (73 SE2d 90); *Fendley v. Weaver,* 121 Ga. App. 526 (174 SE2d 369).

2. The plat prepared and identified by the county surveyor was properly admitted in evidence for the limited purpose of whatever it was worth as a part of and illustrative of the testimony of the surveyor, even though it did not meet the requirements of *Code* § 23-1112 or *Code* § 24-3384 (Superior Court Rule 84). *Durden v. Kerby,* 201 Ga. 780, 782 (41 SE2d 131); *Fendley v. Weaver,* 121 Ga. App. 526, supra.

3. Under the strict construction by the Supreme Court of the Act approved March 9, 1955 (Ga. L. 1955, pp. 614, 615; *Code Ann.* §§ 38-638, 38-639, 38-640) the caption of an affidavit must refer, among other things to "the then owner," to qualify for recordation and to be admissible in evidence in litigation involving lands. *Dollar v. Thompson,* 212 Ga. 831, 834 (96 SE2d 493). The affidavit offered on behalf of the defendant being deficient in this respect and timely objection having been made, it was properly excluded by the trial judge.

4. The evidence authorizes the verdict and judgment for the plaintiffs, and the trial judge did not err in overruling the motion for new trial for any reason argued and insisted upon.

> *Judgment affirmed. Eberhardt and Pannell, JJ., concur.*

ARGUED JULY 7, 1970—DECIDED SEPTEMBER 8, 1970—REHEARING DENIED SEPTEMBER 29, 1970—

*Byrd, Groover & Buford, Garland T. Byrd,* for appellant.
*John C. Scarborough, Jr.,* for appellees.

