47030. MINOR v. RAY et al.

BELL, Chief Judge. This is the second appearance of this case here. It concerns a dispute over the location of a boundary line. In *Minor v. Ray,* 122 Ga. App. 531 (177 SE2d 842) we affirmed the verdict and judgment for plaintiffs. Certiorari was denied. 122 Ga. App. 906. Thereafter, the defendant moved to set aside the judgment on the basis of a nonamendable defect which appears on the face of the record or pleadings. CPA § 60 (d) (*Code Ann.* § 81A-160 (d)). The defect asserted is the jury verdict which reads: "We, the jury, find for the land lot line as contended by the plaintiffs and further find that the same is a line between the parties as contended by the plaintiffs." The trial court made the verdict the judgment of the court. In the court's judgment there appears that the jury verdict was one of three possible verdicts stipulated by counsel. In the motion to set aside the defendant asserted a lack of a certain, definite and sufficient description in the verdict, judgment and plaintiffs' pleadings to identify the premises in controversy. The motion was denied. *Held:*

A verdict shall have a reasonable intendment, and shall receive a reasonable construction, and shall not be avoided unless from necessity. *Code* § 110-105. A verdict is certain which can be made certain by what it contains or by the record. *Jackson v. Houston,* 200 Ga. 399 (37 SE2d 399). The court may construe a verdict, which is not explicit in its terms, in the light of the pleadings, the issues made by the evidence, and the charge. *Harvey v. Head,* 68 Ga. 247; *Taylor v. Brown,* 165 Ga. 698, 700 (141 SE 898). The presumptions are in favor of the validity of verdicts, and if possible a construction will be given which will uphold them. *Jackson v. Houston,* 200 Ga. 399, supra. The defendant in his notice of appeal directed that the clerk omit the transcript of the evidence and exhibits. The plaintiff has asked that we consider the entire record. This we will do, as a court may take judicial notice of its own records in an immediate case before it. *Branch v. Branch,* 194 Ga. 575 (22 SE2d 124); *Roberts v. Roberts,* 201 Ga. 357 (39 SE2d 749). By reference to the entire record we see that the plaintiff's petition contains a claim of ownership as to all of Land Lot 87 in the Sixth Land District of Crawford County, Georgia. An examination of the evidence shows that the verdict expresses with reasonable certainty the intention of the jury to find that the boundary line as between plaintiffs and defendant was as contended by plaintiffs, which location was shown with substantial certainty by the testimony of their witnesses and a surveyor's plat. Consequently, in light of the pleadings and the evidence as a whole, we cannot say as a matter of law that the verdict is too indefinite and uncertain to be enforced. *Powell v. Moore,* 202 Ga. 62 (1) (42 SE2d 110).

*Judgment affirmed. Stolz, J., concurs. Evans, J., concurs specially.*

ARGUED APRIL 3, 1972—DECIDED SEPTEMBER 5, 1972.

*H. Thad Crawley, Byrd, Groover & Buford, Garland T. Byrd,* for appellant.

*John C. Scarborough, Jr.,* for appellees.

EVANS, Judge, concurring specially. I concur in the judgment rendered in this case, but not for the reasons set forth in the majority opinion. I do not reach the question of whether the verdict was sufficient to adequately and definitely describe the property and the land-line affected. But as the verdict rendered was one of three possible verdicts stipulated by counsel for both parties prior to its rendition (see judgment entered on the verdict and signed by the trial judge) the appellant has no standing to complain. See *Code* § 38-114. In *Bennett v. Bennett,* 210 Ga. 721, 722 (82 SE2d 653) the Supreme Court of Georgia held: "This is true for the reason that one cannot complain of a judgment, order, or ruling that his own procedure or conduct procured or aided in causing. [Cit.] *Wallis v. Watson,* 184 Ga. 38 (190 SE 360). No one can complain of a judgment which he or she invokes. *Don v. Don,* 162 Ga. 240, 242 (133 SE 242)."