for appellees.

## S92A0377. BLACK v. DEPARTMENT OF TRANSPORTATION.
### (417 SE2d 655)

HUNT, Justice.

The question raised in this appeal is whether the exemption under the Open Records Law, OCGA § 50-18-70 et seq., relating to appraisals obtained by the Department of Transportation (D.O.T.) for property it seeks to condemn, extends through the condemnation process or ends upon D.O.T.'s payment into court of its valuation of the property. The trial court held such appraisals are exempt until any litigation involving the condemnation is completed. We affirm.

Lloyd Black, Jr. owned property in Fayette County that the D.O.T. condemned for construction of a public road. Black contested the value the D.O.T. paid into court, and filed a request, under the Open Records Law, to inspect the documents and appraisals related to the acquisition of his property. The D.O.T. refused to honor the request and Black filed this mandamus against the D.O.T. to compel production of those records.[1]

The trial court denied the petition under the exemption set out in OCGA § 50-18-72 (a) (6):

(a) Public disclosure shall not be required for records that are: . . . (6) Real estate appraisals, engineering or feasibility estimates, or other records made for or by the state or a local agency relative to the acquisition of real property *until such time as the property has been acquired* or the proposed transaction has been terminated or abandoned; . . . [emphasis supplied].

Black argues that once a declaration of taking is filed and the money paid into court, title to the property passes to the D.O.T. OCGA § 32-3-7. Thus, he argues, the property is "acquired," and the exemption no longer applies.

The issue is one of legislative intent: did the legislature, by exempting this evidence until "the property is acquired," intend to protect appraisals until the title passed to the D.O.T. or until the matter was finally resolved? To answer this question, we consider whether such evidence was otherwise available to a condemnation litigant.

---

[1] This appeal does not involve Black's efforts, if any, to acquire these documents through discovery in the condemnation case, itself. Such discovery would be governed by the provision of OCGA § 9-11-26 (b) (1), infra.

When this subsection of the Open Records Law was adopted, Ga. L. 1988, p. 243, § 3, discovery of the opinions of experts was severely limited. A 1972 amendment to the Civil Practice Act permitted discovery of "facts known and opinions held by experts," OCGA § 9-11-26 (b) (1, 4). However, discovery from "an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial" was not made available except "upon a showing of exceptional circumstances under which it is impracticable for the part[ies] seeking discovery to obtain facts or opinions on the same subject by other means." OCGA § 9-11-26 (b) (4) (B). Before the 1972 amendment, a condemnee had no access to the condemnor's appraisals. See *Thornton v. State Hwy. Dept.*, 113 Ga. App. 351 (2) (148 SE2d 66) (1966); *Wiggins v. City of Macon*, 120 Ga. App. 197, 201 (169 SE2d 667) (1969).

It would logically follow that the exception included in the Open Records Law was intended by the General Assembly to protect the D.O.T. from having to disclose matters involved in condemnation litigation that could not ordinarily be obtained through discovery. Therefore, we conclude that "property has been acquired" for purposes of the Open Records Law exemption only after condemnation proceedings, including any litigation, have been completed.[2] Accordingly, mandamus was properly denied by the trial court.

*Judgment affirmed. All the Justices concur, except Weltner and Sears-Collins, JJ., who dissent.*

WELTNER, Justice, dissenting.
OCGA § 32-3-7 (a) provides:

Upon the filing of the declaration of taking . . . title to the property in fee simple absolute . . . shall vest in the condemnor; the land shall be deemed to be condemned and taken for the use of the condemnor. . . .

I do not understand how this provision can be interpreted in any manner other than as synonymous with "acquire."

I am authorized to state that Justice Sears-Collins joins in this dissent.

---

[2] Because we have found the appraisals exempt while litigation is pending under OCGA § 50-18-72 (a) (6), we do not reach whether they would similarly be exempt under OCGA § 50-18-72 (e), exempting attorney work product.

DECIDED JUNE 11, 1992 —
RECONSIDERATION DENIED JULY 16, 1992.

*H. Edward Marks, Jr.,* for appellant.
*Michael J. Bowers, Attorney General, George P. Shingler, Senior Assistant Attorney General, Cathy A. Cox-Brakefield, Assistant Attorney General, C. Latain Kell, Staff Attorney,* for appellee.