## BENNETT, superintendent of banks, v. CARTER et al.

RUSSELL, C. J. 1. The motion to dismiss the writ of error is overruled, although an examination of the record shows that there was no bona fide effort to brief the documentary evidence and much of the oral testimony, as required by law; it appearing that certain grounds of the motion for new trial contain assignments of error which can be considered without reference to the brief of evidence. But the lack of a legal brief of evidence precludes any consideration of the sufficiency of the evidence to support the verdict.

2. The rejection from evidence of the fi. fa. referred to in the first special ground of the motion for a new trial, even if erroneous, would not require the grant of a new trial, since it appears from the ruling of the judge on the objection to the evidence that there had been an assessment by the superintendent of banks, and that the defendant had received notice of it.

3. The charge of which complaint is made in the second special ground of the motion was not erroneous in the present case. While as matter of law a director of a bank is presumed to know the state of its financial condition and the comparative relation of its assets to its liabilities, and

generally be conversant with the conduct of its business, and this knowledge imputed to him in his official capacity may impose liability in an action either civil or criminal for malfeasance, misfeasance, or nonfeasance in the omission to perform his official duties, nevertheless, in the performance of purely personal acts merely as an individual, such as the transfer of shares of bank stock owned by him, the question of whether the owner as an individual acted in good faith or on the contrary is to be considered entirely apart from the question as to his duty as an official in the bank. As an officer, a director of a bank in the performance of his duties as such director should know whether such bank is solvent or insolvent, and in an action brought against him in his capacity as a director for misperformance or nonperformance of official duty, whereby the bank sustained loss, knowledge may be imputed; but in an attack made upon a transfer of stock individually owned by one who is a director in a bank, which transfer is alleged to be fraudulent, evidence that the defendant did not in fact know of the insolvency of the bank is admissible, and the jury may be instructed to consider such evidence of good faith, and that if the transferor did not know of the insolvency of the bank and could not by the exercise of reasonable diligence have ascertained that the bank was insolvent, or if he did not know a fact which would have put a reasonably prudent man on inquiry which would have led to knowledge of its insolvency, then the jury might find for the defendant.

4. For the reasons just stated it was not error for the court, in the charge to the jury, to say, "if the bank was insolvent, and Dr. Carter did not know of this insolvency and could not by the exercise of reasonable diligence have ascertained that the bank was insolvent," upon the ground, as insisted, "that a director of a bank is charged under the law with knowledge of its condition, and in the exercise of his duty the defendant Carter was not required to exercise reasonable diligence but was required to exercise the diligence imposed upon him by law, and that therefore said charge eliminated from the jury consideration of the duty that a director owes to a bank." It is true that the charge eliminated from the jury consideration of the duty that a director owes the bank, and this was proper for the reason that the act of transferring his stock was not in any way in the scope of his duty as a director of the bank.

5. There was no error in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*

No. 6542. FEBRUARY 23, 1929.

136

*C. N. Davie, O. A. Park, J. F. Kemp,* and *Smith & Taylor,* for plaintiff. *Boykin & Boykin,* for defendants.