### 21177. CENTRAL OF GEORGIA RAILWAY CO. *v.* GABLE.

DECIDED JANUARY 12, 1932. REHEARING DENIED FEBRUARY 16, 1932.

*John D. & E. S. Taylor, Maddox, Matthews & Owens,* for plaintiff in error.

*Porter & Mebane,* contra.

LUKE, J. Mark Gable sued the Central of Georgia Railway Company for damages on account of personal injuries. Demurrers to certain amendments to the plaintiff's petition were sustained, and exceptions pendente lite were taken. Upon the trial, a verdict was directed for the defendant. The judgment of the trial court was reversed on the grounds that the demurrers were erroneously sustained and that the verdict for the defendant was erroneously

directed. *Gable* v. *Central of Ga. Ry. Co.,* 39 *Ga. App.* 350 (147 S. E. 135). A writ of certiorari was denied by the Supreme Court. The case was again tried by a jury, and a verdict in favor of the plaintiff for $4000 was set aside by the trial judge and a new trial awarded. Upon a retrial the jury returned a verdict in favor of the plaintiff for $3500, and judgment was entered thereon. The defendant's motion for a new trial was denied, and the movant excepted. The general grounds of the motion for a new trial are insisted upon, and fifteen special grounds assign error.

It is urged in the main brief and in a supplemental brief of counsel for the defendant in error, that the purported brief of evidence constituting part of the record in this case fails to comply with the provisions of § 6093 of the Civil Code of 1910. The 104 pages of solidly typewritten matter comprising the so-called brief of evidence here presented are obviously subject to that objection. Such failure to meet the requirements of the statute precludes our consideration of the general grounds of the motion for a new trial; and for the reason that an examination of the so-called brief of evidence would be required to enable the court to pass upon the contentions set up in the special grounds numbered 1, 2, 3, 5, 6, 7, 8, 9, 10, 11(*b*), 13, and 15 of the amendment to the motion, none of these enumerated grounds will be considered. See *Bennett* v. *Carter,* 168 *Ga.* 133 (147 S. E. 380). This leaves for consideration special grounds 4, 11(*a*), (*c*), (*d*), (*e*), 12, and 14.

The 4th special ground of the motion criticizes the following excerpt from the charge of the court: "The court instructs you that you will first determine from the evidence whether or not the plaintiff signed this release or this draft knowing what was embodied in the draft, and if you find that the plaintiff signed this release or draft, either one, knowing, at the time that he signed the draft, that the draft had embodied therein or contained a stipulation that he was settling in full with the defendant for the injuries sued for in this case, then you would be authorized and it would be your duty to find for the defendant in this case." It is urged in support of this ground: "(*a*) That said charge was confusing and misleading to the jury in that under said charge a verdict for defendant on its plea of accord and satisfaction was authorized only on the basis of plaintiff's knowledge of the contents of the draft, and irrespective of his knowledge of the contents of

the release, a copy of which is set out as Exhibit A to defendant's answer." While we do not think the trial judge stated as clearly as ought to have been stated the proposition of law with which this portion of his charge is concerned, we are unable to discern that any harm could have resulted to the movant from that fact. Indeed it is not claimed by the movant that it was prejudicial, but only that the charge was confusing and misleading. It is conceivable that a charge may be confusing and misleading and not necessarily harmful. In any event, if we rightly interpret the effect of the language used, the charge was more favorable to the movant than otherwise. It is also urged in support of this ground : "(b) That said charge was calculated to and did lead the jury to believe that even though the plaintiff knew the contents of said release, it would not be binding and would not be a good defense in this action unless the plaintiff knew at the time he signed the draft that the draft had embodied therein or contained a stipulation that he was settling in full with the defendant for the injury sued for." We are of the opinion that this implication can not be fairly deduced from the language of the charge quoted. The effect of the language employed is an instruction to the jury to find for the defendant if they should find that the plaintiff signed the release, whether he had any knowledge of its contents or not. Certainly such instruction could not hurt the defendant; nor is it here claimed that the defendant was harmed. It is also urged in support of this ground : "(c) That said charge, in substance and effect, withdrew from the jury any consideration of the release as an accord and satisfaction, and based the defense of accord and satisfaction entirely upon plaintiff's knowledge of the contents of the draft, irrespective of his knowledge of the contents of the release." We are unable to perceive how this contention can be sustained. Indeed, we ascribe to the language used the very opposite effect, that of submitting to the jury the question whether or not the release, if signed, amounted to an accord and satisfaction, irrespective of any knowledge of its contents upon the plaintiff's part.

The 11th special ground criticizes another excerpt from the charge of the court, the first paragraph of the excerpt being taken, almost word for word, from the 4th division of the former decision of this court in this case. The second paragraph of the excerpt qualifies the first in some particulars. It is urged in support of

this ground: "(a) That the same amounted to an expression or intimation of opinion on the part of the court, and said charge was calculated to and did lead the jury to believe that the trial judge was of the opinion that the employees, including the plaintiff, had not stepped aside from the performance of their duty as servants of the railway company, but were acting in their capacity as servants of the railway company in the prosecution of the company's business." Our examination of the excerpt certainly conveys to our mind no such impression as counsel have gathered from its language. It was entirely proper, as we conceive, that the trial court should instruct the jury in accordance with the law of the case as laid down by this court in the former decision. In this instance we think that was done with proper circumspection, and not in such a manner that the jury could reasonably regard the charge as an intimation or expression of opinion on the part of the judge. It is also urged in support of this ground: "(b) That said charge was not adjusted to and was inconsistent with the evidence in the case." The movant then avers what was not and what was, according to its view, shown by the evidence in this connection. We deem this assignment to be defective and incomplete in that it fails to incorporate the particular evidence claimed to establish the facts averred; but, in any event, the assignment will not further be considered, for the reason that such consideration would involve an examination of the brief of evidence, which we have already held to be without legal status, for the reason hereinbefore stated. With reference to paragraph (c) of the 11th ground, the observations noted in connection with our consideration of paragraph (a) of the same ground will apply. As to paragraphs (d) and (e) of the same ground, we are of the opinion that the charge is not subject to the objections urged against it, that is, that it took away from the jury one of the defenses sought to be maintained by the defendant; that the charge was "argumentative," "inversed the promise" (whatever that may mean) of the jury, and instructed the jury peremptorily as to whether the plaintiff and his coemployees had stepped aside from the performance of their duty when the injury occurred. These objections are without merit.

The 12th special ground may be disposed of on the assumption that the portion of the charge quoted therein could not have done the defendant any injury; especially when considered with other

portions of the charge. Certainly, as we think, no harm could result if it be true, as averred, "that said charge was confusing and misleading, and that the use of the double negative rendered said charge wholly meaningless and ineffective." A "meaningless and ineffective" instruction may be confusing, but we refuse to subscribe to the theory that any charge may at one and the same time be "meaningless and ineffective" and "misleading." At any rate, that which is innocuous can certainly do no harm. *May* v. *Leverett*, 167 *Ga.* 205 (3) (144 S. E. 778).

As to the 14th assignment, we think the language of the court in the introductory portion of the excerpt is subject to criticism, but we do not believe that the jury could reasonably infer that the court intended to or actually did express any opinion. The court was engaged in stating one of the contentions of the defendant. Previously the question touching the alleged accord and satisfaction had been fully and fairly submitted by the court to the jury, and the jury had been told that it was its duty to decide whether or not there had been an accord and satisfaction of the plaintiff's claim.

In the circumstances, we can not believe that in the interest of justice, the judgment of the court below ought to be reversed for the reasons assigned; and we conclude that the motion for a new trial was properly overruled.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*