## 21186. FAIRBURN, Executor v. FULTON COUNTY.

CANDLER, Justice. Under the provisions of an act approved March 13, 1957 (Ga. L. 1957, p. 387), Fulton County instituted a proceeding in rem to condemn and thus acquire fee-simple title to a described strip of land for highway purposes. The record shows that Mrs. Mildred A. Fairburn was one of the persons whose property would be taken or otherwise affected by the proceeding; that she died during the pendency of the proceeding; and that John D. M. Fairburn, the executor of her estate, was made a party in her stead. Under section 5 of the act, James F. Cox was appointed special master and, after the hearing provided for by the act, he made an award of $6,500 as compensation for the property involved. In due time, the condemnor paid the amount of the award into the registry of the court and filed an appeal to the Superior Court of Fulton County, as provided for by section 14 of the act. By order of the court, dated April 14, 1958, the award was paid to the condemnee's legal representative and to certain lienholders. On the trial of the appeal, the jury found the value of the property to be $5,000. No motion for a new trial or the equivalent thereof was made, but before a final judgment was entered, the condemnee's legal representative made an oral motion "to set aside and strike and arrest the verdict of the jury" on the ground that specified parts of the condemning act offend for stated reasons several enumerated provisions of the Constitution of Georgia and of the United States. Such motion was denied on October 26, 1960, and a judgment on the verdict was entered on November 15, 1960. The condemnee's legal representative excepted. *Held:*

"There is no provision in law for setting aside a verdict except upon a motion for a new trial, or a motion equivalent to a motion for a new trial, except as provided in the Code of 1933, § 6-804." *New York Life Ins. Co. v. Cook,* 182 Ga. 409 (1) (185 S. E. 711); *Strickland v. Strickland,* 213 Ga. 588 (100 S. E. 2d 460), and the cases there cited. The aforementioned section of the Code of 1933 (§ 6-804) provides: "In any case where the . . . verdict necessarily has been controlled by one or more rulings, orders, decisions, or charges of the court, and the losing party desires to except to such . . . verdict, and to assign error on the ruling, order, decision, or charge of the court, it shall not be necessary to make a motion for new trial, nor file a brief of the evidence, but the party complaining shall be permitted to present a bill of exceptions containing only so much of the evidence or statement of facts as may be necessary to enable the appellate court to clearly understand the ruling, order, decision, or charge complained of." Since in this case the excepting party does not complain of anything which occurred on the trial prior to the verdict, and since no motion for a new trial or the equivalent thereof was made and passed on, the bill of exceptions presents no question for consideration by this court, and the motion to dismiss it will be and is granted, though on a ground different from the one therein alleged.

*Bill of exceptions dismissed. All the Justices concur.*

SUBMITTED MARCH 14, 1961—DECIDED APRIL 6, 1961.

*Saul Blau,* for plaintiff in error.

*Paul Anderson, Harold Sheats, Martin H. Peabody,* contra.