24600. BRYAN v. THE STATE.

SUBMITTED MAY 13, 1968—DECIDED JUNE 20, 1968.

*William Holley,* for appellant.

*Ben F. Smith, Solicitor General, Arthur K. Bolton, Attorney General, Marion O. Gordon, Assistant Attorney General, John W. Hinchey,* for appellee.

MOBLEY, Justice. The defendant was indicted and tried for murder, was convicted, with recommendation, and sentenced to life imprisonment. He filed his motion for new trial on the general grounds, which was later amended to include one special ground. The motion for new trial, as amended, was denied by the trial judge. Thereafter the defendant filed notice of appeal from the judgment of conviction and sentence, and filed an enumeration of errors alleging that the trial court erred (1) in denying the defendant's written motion for discovery and inspection of certain physical evidence; (2) in overruling the defendant's objection to admission of testimony of the witness Sims, a deputy sheriff, relating a conversation with the defendant after employment of counsel; and (3, 4, and 5) that the verdict is contrary to the evidence, without evidence to support it, and contrary to law and the principles of justice and equity.

■ The judgment denying the motion for new trial was not appealed from, and was not enumerated as error. Each of the assignments of error contained in the enumeration of errors, with the exception of the first, to wit, "In overruling and denying defendant's written motion for discovery and inspection of certain physical evidence (R-2a-2f as amended)," was contained in the motion for new trial, as amended. Thus, under the majority opinion of this court in *Hill v. Willis,* 224 Ga. 263, supra, the denial of the motion for new trial, as amended, unappealed from, fixed as the law of the case all the issues raised in the motion for new trial, as amended.

■ Left for consideration is the enumeration of error, the denial of the defendant's motion for discovery and inspection of certain physical evidence. The motion sought an order requiring the solicitor general and sheriff to permit the defendant's attorney to inspect, photograph, or photocopy, certain documents and items in their possession, to wit, certain photographs of the body of the deceased, a 16-gauge shotgun, a revolver removed

from the body of the deceased, and 2 green shotgun shells. The defendant alleged that he had sought such inspection, which was refused.

"In the absence of statutes or rules of practice providing otherwise, it has been generally held that the accused is not entitled to inspection of evidence in the possession of the prosecution, . . ." 23 AmJur2d 712, Depositions and Discovery, § 307. See cases cited, and 52 ALR 207.

There is no Georgia statute, nor any rule of practice, allowing such inspection. This court in *Blevins v. State,* 220 Ga. 720 (2) (141 SE2d 426), held: "There is no statute or rule of procedure of force in this State which requires a solicitor general or other prosecuting officer to make his evidence, documentary or otherwise, available to the accused or his counsel before trial, . . ." See also *Walker v. State,* 215 Ga. 128 (109 SE2d 748). In *Williams v. State,* 222 Ga. 208 (2) (149 SE2d 449), this court in a full bench decision held a motion, such as that made here, was properly denied by the trial court.

This court in *Blevins v. State,* 220 Ga. 720, 722, supra, held further that the denial of the defendant's motion to permit inspection and photographing of clothing and other objects removed from the bodies of the deceased persons in possession of the solicitor general did not offend Art. I, Sec. I, Par. IV (*Code Ann.* § 2-104) of the Constitution of Georgia, providing that: "No person shall be deprived of the right to prosecute or defend his own cause in any of the courts of this State, in person, by attorney, or both."

Nor does the denial of the motion violate the due process clauses of the United States Constitution and the Constitution of Georgia, as contended by the defendant. This case does not fall within the rule announced in Miller v. Pate, 386 U. S. 1 (87 SC 785, 17 LE2d 690), that: "The fourteenth amendment cannot tolerate a state criminal conviction secured by the knowing use of false evidence. Mooney v. Holohan, 294 U. S. 103 followed." There the State introduced underwear, shorts, allegedly the defendant's, having stains identified as blood of the victim's blood type, and the prosecution knew that the stains were paint, not blood, at the time of the trial. There is no contention made here that false evidence was offered by the prosecution.

Nor is the case of Giles v. Maryland, 386 U. S. 66 (87 SC 793, 17 LE2d 737) (four Justices dissenting), authority for the position taken by the defendant. There, the Supreme Court received evidence, after the case was appealed to that court, upon which they remanded the case to the Maryland Court of Appeals to decide whether a further hearing should be directed, stating that such might avoid passing upon the constitutional questions, which the Supreme Court considered desirous. Nor does the ruling made in Napue v. Illinois, 360 U. S. 264, 269 (79 SC 1173, 3 LE2d 1217), that a conviction falls under the Fourteenth Amendment when the prosecution "although not soliciting false evidence, allows it to go uncorrected when it appears . . ." apply to the present case, as such are not the facts here.

*Judgment affirmed. All the Justices concur. Mobley, J., concurs specially. Frankum, J., concurs in the judgment only.*

MOBLEY, Justice, concurring specially. 1. For reasons stated in my dissent in *Hill v. Willis*, 224 Ga. 263, supra, I do not agree that the denial of the motion for new trial, as amended, unappealed from, fixed as the law of the case all the issues raised in the motion for new trial, as amended. However, I agree with the majority that the court did not err in denying the motion requiring the solicitor general and sheriff to make available to the defendant certain physical evidence for examination, inspection, etc., for reasons stated in their opinion.

2. I have carefully considered the evidence in the case, and, while circumstantial, I am of the opinion that it amply supports the verdict.

3. The testimony of the deputy sheriff concerning a conversation with the defendant was not prejudicial to the defendant, and the admission of this evidence was not reversible error.