## 43673. DANIELS v. THE STATE.

PANNELL, Judge. The defendant was convicted of the offense of manufacturing alcoholic liquors without a license and sentenced thereon. He filed a motion for new trial containing the general grounds and several special grounds which was overruled. He entered his appeal to this court from the judgment on the verdict, enumerating as error the identical matters complained of in his motion for new trial. He did not enumerate as error the overruling of his motion for new trial. *Held:*

Under the decision in *Crowley v. State,* 118 Ga. App. 7, construing the decision of the Supreme Court of this State in *Hill v. Willis,* 224 Ga. 263, 268 (4) (161 SE2d 281), the failure of the appellant to base his appeal upon the judgment overruling his motion for new trial results in that judgment being the law of the case and controlling as to any enumeration of error as to any matter contained in the motion for new trial. In *Crowley v. State,* supra, there is an enumeration of error that "the court erred in overruling his motion for new trial on the general grounds"; however, the case was affirmed under the ruling in *Hill v. Willis,* supra. For the same reason, we must affirm here.

Speaking for myself alone, I do not agree with the construction placed by this court upon Headnote 4 in *Hill v. Willis,* supra, which recites: "Where after trial a motion for new trial is filed and overruled by the trial court such judgment establishes as the law of the case that the questions raised by such motion for new trial are without merit unless such judgment is enumerated as error upon appeal." Construing the opinion in connection with the headnote, my interpretation is that the *Hill v. Willis* case only requires an enumeration of error upon the judgment overruling the motion for new trial upon appeal from the judgment on the verdict and does not additionally require that the appeal itself be from such judgment. However, in so construing *Hill v. Willis,* I have not changed my views as expressed in my dissent in *Allen v. Rome Kraft Co.,* 114 Ga. App. 717, 721 (152 SE2d 618).

*Judgment affirmed. Jordan, P. J., and Deen, J., concur specially.*

SUBMITTED JUNE 5, 1968—DECIDED JUNE 21, 1968—
REHEARING DENIED JUNE 28, 1968—

*Claude N. Morris,* for appellant.

*J. Frank Myers, Solicitor General,* for appellee.

JORDAN, Presiding Judge, concurring specially. I am not in agreement with that portion of *Hill v. Willis* relied upon in the opinion, and concur in the judgment solely for the reason that this court is bound by such ruling. Judge Deen joins in this special concurrence.