24706. GRAHAM v. HALEY et al.

Submitted June 11, 1968—Decided July 2, 1968—
Rehearing Denied July 16, 1968.

*Wesley G. Bailey, Ben S. Atkins,* for appellant.
*King & Spalding, R. William Ide, III, Scott A. Ray, Haas,
Dunaway, Shelfer & Haas,* for appellees.

Mobley, Justice. This appeal is from a judgment entered on a directed verdict of a jury which adjudicated the ownership of described property. In an action for declaratory judgment the appellant, William G. Graham, sought a declaration that he was the owner in fee simple of described property which, he alleged, the State of Georgia was seeking to condemn. He made Hazel Haley the defendant in the action, alleging that she claimed a remainder interest in the property under the will of his deceased wife, Mrs. Ella L. Graham. The trial judge entered an order holding that the declaratory judgment action was subject to motion to dismiss because it failed to show any necessity for declaratory judgment. He ordered that the pleadings in the

declaratory judgment case be retained as statements of the contentions of the parties on the issues of ownership in the condemnation case, and consolidated the issue of ownership with the condemnation case.

The will of Mrs. Ella L. Graham named the appellant as executor, and the record shows that he qualified as executor under the will. Mrs. Graham devised and bequeathed all of her property to the appellant for life or until he remarried, and gave the remainder interest to her daughter, Hazel Haley, and her children. The appellant contended that he had purchased the property sought to be condemned, placed the title in his wife's name for convenience, that he was the true owner of the property, and that it was not a part of the estate of his deceased wife. He also contended that the will of his deceased wife was a forgery.

The question of ownership of the property was tried separately prior to the other issues in the condemnation case. After the introduction of evidence, the trial judge directed a verdict for Mrs. Haley and her two children, and entered an order adjudicating that the property is a part of the estate of Mrs. Ella Graham and controlled by her will, which has been probated.

■ We first consider the jurisdiction of this court to review the judgment. At the time the judgment was rendered, title to the land had not been decreed in the condemning authority, and this case is distinguishable from those cases which this court has transferred to the Court of Appeals, where the title to the land had been decreed in the condemnor, and the only controversy remaining was the disposition of the proceeds of the condemnation award. See *Boswell v. Underwood,* 217 Ga. 675 (124 SE2d 394); *Grant v. Oakey,* 218 Ga. 723 (130 SE2d 490); *Richardson v. Anderson,* 219 Ga. 264 (133 SE2d 16); *State Hwy. Dept. v. Holleman,* 220 Ga. 72 (137 SE2d 39). The sole issue adjudicated by the judgment appealed from in the present appeal was the title to land, and this court has jurisdiction of the appeal.

■ At the time the notice of appeal was filed the law governing the appealability of judgments provided that appeals may be taken from judgments and rulings where "the decision or judgment complained of, if it had been rendered as claimed for

by the appellant, would have been a final disposition of the cause or final as to some material party thereto: . . ." Ga. L. 1965, p. 18. The Act of 1968 (Ga. L. 1968, pp. 1072, 1073), which struck this provision of the Act of 1965, was approved on April 8, 1968, and would not apply to the present appeal. The judgment under review would have been final as to the appellees' ownership of the property and participation in the funds in the condemnation case, if the judgment had been rendered as the appellant claims it should have been, and the judgment is therefore appealable.

■ The first six errors enumerated all make the contention that the judge should not have directed a verdict, but should have submitted the case to a jury. The appellant specified in his notice of appeal that no transcript is needed, and none has been sent to this court. Nor have the parties entered into a stipulation showing the facts necessary for a ruling by this court. It is the duty of the appellant to have the transcript prepared, if it is needed for a decision in the case. Ga. L. 1965, pp. 18, 24 (*Code Ann.* § 6-805).

It is impossible for this court to determine whether the evidence presented issues of fact which should have been submitted to a jury when we have no transcript or stipulation of the evidence before us. In such an instance we must assume that the evidence demanded the verdict directed, and affirm the judgment. *Bennett v. Carter,* 168 Ga. 133 (1) (147 SE 380); *Dozier v. Dozier,* 194 Ga. 268 (21 SE2d 655); *Carter v. Hayes,* 214 Ga. 782 (1) (107 SE2d 799); *Brown v. Goodloe,* 215 Ga. 755 (3) (113 SE2d 393); *Tate v. Tate,* 220 Ga. 393, 396 (3) (139 SE2d 297); *Smith v. Smith,* 223 Ga. 795 (2) (158 SE2d 679).

■ The seventh error enumerated is that the court disregarded the supersedeas granted upon the motion for new trial, and disregarded the assessor named by the appellant, and named assessors for Hazel Haley and the condemning authority, who assessed the property and made a return, a proceeding in which the appellant took no part since he felt that he was bound to respect the supersedeas he had invoked, and he considers such acts void.

The only judgment appealed from was the judgment deciding

the ownership of the property which is the subject matter of the condemnation proceeding, and an assignment of error complaining of an interlocutory order in the condemnation case, entered subsequently to the judgment appealed from, can not be considered on this appeal.

■ The last error enumerated is that it was erroneous to consolidate the issue of ownership of the property with the condemnation case, since there were issues between the appellant and the appellee, Mrs. Haley, unrelated to the condemnation proceeding. After the order consolidating the cases, the appellant dismissed his declaratory judgment action, "reserving the right to have all questions of ownership and related matters adjudicated" in the condemnation case. This was an acquiescence in the consolidation of the cases, and the appellant can not now complain of the consolidation. Furthermore, the appellant was not harmed by a consolidation of the cases, since a separate trial was held on the question of ownership of the property, and no other issues were decided at that time.

*Judgment affirmed. All the Justices concur.*