### 24724. TILLER v. THE STATE.

UNDERCOFLER, Justice. The Court of Appeals has requested an answer to the following certified question: "Where a defendant in a criminal case does not complain of the giving or the failure to give an instruction to the jury prior to the jury verdict or in his motion for new trial, does this court have jurisdiction to consider the question? See Section 17 of the Appellate Practice Act of 1965, as amended (Ga. L. 1968, pp. 1072, 1078); *Calhoun v. State,* 211 Ga. 112; *Harris v. State,* 114 Ga. 436 (3); *Hennon v. State,* 62 Ga. App. 484, 486; *Cason v. State,* 60 Ga. App. 626 (4); *Code Ann.* § 6-702."

The Supreme Court and the Court of Appeals are charged with the duty of correcting errors of law (Const. 1945, Art. VI, Sec. II, Par. IV; *Code Ann.* § 2-3704; Art. VI, Sec. II, Par. VIII; *Code Ann.* § 2-3708) and as succinctly stated in Ga. L. 1968, pp. 1072, 1078, "the appellate courts shall consider and review erroneous charges where there has been a substantial error in the charge which was harmful as a matter of law, regardless of whether objection was made hereunder or not." This section has been in the Appellate Practice Act since its adoption in 1965 (Ga. L. 1965, pp. 18, 31; Ga. L. 1966, pp. 493, 498; *Code Ann.* § 70-207); and jurisdiction of the question in such a case is acquired by an enumeration of error under the Appellate Practice Act of 1965 (Ga. L. 1965, pp. 18, 20; Ga. L. 1966, pp. 493, 494; *Code Ann.* § 6-702), when such error is not included in a motion for new trial. *Gunter v. State,* 223 Ga. 290, 293 (154 SE2d 608); *Williams v. State,* 223 Ga. 773, 775 (158 SE2d 373); *Pippins v. State,* 224 Ga. 462 (162 SE2d 338).

However, if such error is included in a motion for new trial, the ruling on the motion for new trial will become the law of the case unless on appeal the ruling on the motion for

new trial is enumerated as error or the ruling on the motion for new trial is specifically appealed from in the notice of appeal. The mere showing in the notice of appeal of the date on which the motion for new trial was filed and ruled on is not sufficient.

Therefore, if such error is included in the motion for new trial, jurisdiction of the question for decision by the appellate court is acquired in either of two ways: First, by specifically appealing from the ruling on the motion for new trial in the notice of appeal and presenting such error in the charge in an enumeration of error, or, second, by filing the notice of appeal from other appealable judgments and enumerating as error the ruling on the motion for new trial.

This ruling is consistent with *Hill v. Willis*, 224 Ga. 263, 268 (4) (161 SE2d 281) and *Bryan v. State*, 224 Ga. 389, 390 (1) (162 SE2d 349), where the rulings on the motions for new trial were neither appealed from nor enumerated as error. *Foskey v. Kirkland*, 221 Ga. 773 (2) (147 SE2d 310). The answer to the question is in the affirmative.

*Certified question answered. All the Justices concur, except Frankum, J., who dissents.*

ARGUED JULY 9, 1968—DECIDED OCTOBER 10, 1968.

*Hester & Hester, Frank B. Hester, Stanley H. Nylen, Burruss & Nylen*, for appellant.

*Lewis R. Slaton, Solicitor General, Carter Goode, Amber W. Anderson, J. Walter LeCraw*, for appellee.

FRANKUM, Justice, dissenting. I dissent from that portion of the majority opinion which holds that an appellant may file a notice of appeal from an appealable judgment other than the overruling of his motion for a new trial and enumerate as error the ruling on the motion for a new trial occurring subsequent to the entry of the judgment appealed from. This ruling seems to be directly in conflict with the full bench decision of this court in the case of *Graham v. Haley*, 224 Ga. 498, 500 (4) (162 SE2d 346), which was decided by this court only at the last term. Under the Appellate Practice Act, where an appeal is taken from a final judgment or from any other judgment from which an appeal is authorized under the Act, "all judgments, rulings or orders rendered in the case which are *raised on appeal*

and which may affect the proceedings below shall be reviewed and determined by the appellate court, without regard to the appealability of such judgment, ruling or order standing alone, and without regard to whether the judgment, ruling or order appealed from was final or was appealable by some other express provision of law." As pointed out by Judge Pannell in his dissent in *Allen v. Rome Kraft Co.*, 114 Ga. App. 717 (152 SE2d 618) at p. 722, the only difference between the present law and the prior law is in the words "raised on appeal" and the words "assigned as error" in the prior law. There is no substantial difference between those two terms when they are considered in their context. Under the former law, rulings "assigned as error" were only considered if they preceded the final judgment appealed from. Under the present law, judgments, rulings or orders, other than the judgment appealed from, "raised on appeal" may only be considered when such judgment, ruling or order antedates the judgment appealed from. While I concurred in the results reached by the majority in that case, upon more mature reflection, I am convinced that I should have joined in the dissent. See *Fairburn v. Fulton County*, 216 Ga. 729, 730 (119 SE2d 566).

Furthermore, in the case of *Hill v. Willis*, 224 Ga. 263, 268, supra, this court said: "It is well settled that a judgment is the law of the case until set aside or reversed. The defendants insist that the Act of 1966 (Ga. L. 1966, p. 493), amending the Appellate Practice Act of 1965 (*Code Ann.* § 6-702) requires this court, in the absence of a proper constitutional attack, to abide by the terms of such Act and consider enumerations of error, allegedly occurring during the trial of a case although subsequently upheld by the trial court in overruling a motion for new trial. The question is not whether this court will consider the enumerations of error. This the court will do. The question is whether the enumerations of error, under such circumstances, show reversible error. This they cannot do for *the law of the case has been established by the judgment denying the motion for new trial unappealed from.* Accordingly, where a motion for new trial is filed and ruled upon by the trial court, whether right or wrong, it establishes the law of the case until

648

set aside or reversed." (Emphasis supplied.) Therefore, in my opinion, where the ruling of the trial court upon a motion for a new trial is "unappealed from" there is no ground for enumerating such ruling as error where the appeal is solely from a prior judgment in the case.