### 25008. JONES v. THE STATE.

MOBLEY, Justice. The Court of Appeals has requested instructions from this court on the following certified question: "In an appeal from the judgment on the verdict wherein there is no appeal from the judgment overruling the motion for a new trial and wherein the judgment overruling the motion for a new trial is not enumerated as error is the following underlined enumeration of error sufficient to prevent the judgment overruling the motion for a new trial from becoming the law of the case when the reason given in the underlined enumerated error on the failure to charge is a ground of the amended motion for a new trial: '. . . *the trial judge erred in denying appellant a new trial because of his failure to instruct the jury on the principles of law of involuntary manslaughter in the commission of an unlawful act where there has not been observed discretion and caution.' ?"* Held:

In *Tiller v. State,* 224 Ga. 645, 646 (164 SE2d 137), wherein this court answered a certified question pertaining to the review of alleged errors in the charge of a trial judge, it was held: "Therefore, if such error is included in the motion for new trial, jurisdiction of the question for decision by the appellate court is acquired . . . by filing the notice of appeal from other appealable judgments and enumerating as error the ruling on the motion for new trial."

In Ga. L. 1968, pp. 1072, 1074 (*Code Ann.* § 6-809), it is provided: "Where it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, . . . what errors are sought to be asserted upon appeal, the appeal shall be considered in accordance therewith notwithstanding that . . . the enumeration of

errors fails to enumerate clearly the errors sought to be reviewed." The enumeration of error in the present case lacks clarity in assigning as error the denial of the motion for new trial on one particular ground, but the error assigned "in denying appellant a new trial" could only refer to the motion for new trial, since the trial judge would not otherwise make a ruling denying a new trial. By comparing the enumeration of error with the ground of the motion for new trial, it can be determined that the error enumerated is the denial of the motion for new trial on this particular ground.

The question must then be decided whether error must be assigned on the denial of the motion for new trial on all grounds, to prevent the application of the law of the case to this enumerated error, or whether error may be assigned on the denial of the motion on one particular ground. The ruling of the trial judge denying a motion for new trial determines that each and all of the grounds of the motion are without merit. Assigning error on the overruling of one ground of a motion for new trial would prevent the law of the case from applying to that ground of the motion, and the appellate court could review the issue made by the enumeration of error on this ground.

The question certified by the Court of Appeals is answered in the affirmative.

*Certified question answered. All the Justices concur, except Duckworth, C. J., not participating, absent due to illness. Frankum, J., concurs specially.*

SUBMITTED JANUARY 13, 1969—DECIDED FEBRUARY 6, 1969.

*Lawson & Lawson, Roger H. Lawson,* for appellant.

*Albert D. Mullis, Solicitor General, Lovejoy Boyer,* for appellee.

FRANKUM, Justice, concurring specially. I concur in the opinion solely for the reason that I am bound by the decision of the majority opinion in the *Tiller* case, from which I dissented.