### 43988. DAWSON et al. v. GARNER.

JORDAN, Presiding Judge. 1. This case would have been another casualty of *Hill v. Willis,* 224 Ga. 263 (161 SE2d 281) as interpreted by this court in *Crowley v. State,* 118 Ga. App. 7

(162 SE2d 299) and *Daniels v. State,* 118 Ga. App. 111 (162 SE2d 764) as well as other cases, since the appeal is from the verdict and judgment and not from the order overruling the motion for new trial. However, the recent statement in *Tiller v. State,* 224 Ga. 645 (164 SE2d 137) saves the case since it comes under one of the situations requiring the court to take jurisdiction and decide the questions raised.

Here there was an appeal from an appealable judgment (that rendered on the verdict of the jury) and an enumeration of error on the ruling on the motion for new trial. This brings the case squarely within the language of *Tiller,* to wit: "or, second, by filing the notice of appeal from other appealable judgments and enumerating as error the ruling on the motion for new trial." Also, see *Staggers v. State,* 224 Ga. 839 (165 SE2d 300).

It is noted that the appellant went on to enumerate as error number 2 the exception to the charge which was specifically included as a ground in the amended motion for new trial. This is sufficient to preserve his right of appellate review on this point, and would be in accordance with the clear intent of the legislature as set forth in Section 13 (d) of the Appellate Practice Act as amended. Ga. L. 1968, pp. 1072, 1074.

*Code Ann.* § 6-1205 sets out the forms for enumerations of error and makes them sufficient *without any reasons being given. Code Ann.* § 6-810 says enumerations of error "need not conform to the assignments of error abolished by these rules." The appellant here enumerated error on the overruling of the *amended motion* for new trial. He did not need to give any reason why he considered the ruling error. He did give reasons which are applicable to the general grounds, but this part of the enumeration of error was not necessary, under the provisions of *Code Ann.* §§ 6-1205 and 6-810, and is mere surplusage, and has nothing to do with the enumeration of error as such.

Under such enumerations as are before this court it is clear that the appellant presents to this court for consideration the overruling of the motion for new trial as to the general grounds as well as the sole special ground.

2. As to the general grounds, the evidence was sufficient to authorize the verdict.

3. The sole special ground complains of that portion of the charge given as follows: "'The phrase, 'full value of life,' refers

to financial value of the life of the decedent, and it is construed to mean the gross sums the deceased would have earned to the end of her life, had she not been killed, reduced to its present cash value," on the ground that the deceased was not earning wages at the time of her death. There was testimony that she had been previously employed in a hosiery mill and that her husband was at the time of the trial paying approximately $30 per week for household work performed by his wife prior to her death. In view of this evidence and the qualifying charge immediately following the above quoted portion to the effect that the jury in arriving at the full value of the life of the decedent may consider *"any* wages she received or money earned," we find no error. The charge, taken as a whole, was not confusing or misleading to the jury as contended.

*Judgment affirmed. Felton, C. J., Bell, P. J., Hall, Deen and Whitman, JJ., concur. Eberhardt, Pannell and Quillian, JJ., dissent.*

SUBMITTED OCTOBER 9, 1968—DECIDED MARCH 10, 1969—
REHEARING DENIED APRIL 3, 1969.

*Richter & Birdsong, A. W. Birdsong, Jr., E. W. Fleming,* for appellants.

*Sims & Lewis, James R. Lewis, Howe & Murphy, D. B. Howe, Jr.,* for appellee.

PANNELL, Judge, dissenting. 1. The appeal in this case was from the judgment entered on the verdict. A motion for new trial as amended was overruled by the trial judge. There are two enumerations of error. One is that the court erred in overruling the motion for new trial, *limited, however, to the general grounds only;* the other is that the court erred in giving a certain charge to the jury making no reference to the ruling on the motion for new trial which contained the identical complaint.

These enumerations were as follows: "1. The court erred in overruling appellant's *amended motion for new trial* on the grounds that the verdict rendered in said case is contrary to evidence and without evidence to support it; the verdict is decidedly and strongly against the weight of the evidence and the

verdict is contrary to law and the principles of justice and equity. 2. The court erred in charging the jury as to the full value of the deceased's life having given in charge, a charge pertaining to reducing to present cash value earning of the deceased where there was no evidence as to earnings or anything in the pleadings pertaining to earnings. The charge is set out as ground V of appellant's amended motion for new trial and the charge is also the first full paragraph on page 162 of the transcript of evidence."

Under the decision rendered October 10, 1968, by the Supreme Court in *Tiller v. State,* 224 Ga. 645 (164 SE2d 137), it appears that *Crowley v. State,* 118 Ga. App. 7 (162 SE2d 299), in which there was an enumeration of error on the overruling of the motion for new trial on the general grounds, was in error. It follows also that the decision of this court in *Daniels v. State,* 118 Ga. App. 111 (162 SE2d 764) (which followed *Crowley v. State,* supra, with the writer disagreeing as to the conclusion reached and the construction placed upon *Hill v. Willis,* 224 Ga. 263, 267 (161 SE2d 281)) was also in error. In both these cases the consideration of the alleged errors was refused solely on the ground that it was necessary that the judgment appealed from must be the overruling of the motion for new trial, basing this conclusion upon the use of the words "unappealed from" in the case of *Hill v. Willis,* supra. *Tiller v. State,* supra, sets forth the rules to be followed in the following language: "Therefore, if such error is included in the motion for new trial, jurisdiction of the question for decision by the appellate court is acquired in either of two ways: First, by specifically appealing from the ruling on the motion for new trial in the notice of appeal and presenting such error in the charge in an enumeration of error, or, second, *by filing the notice of appeal from other appealable judgments and enumerating as error the ruling on the motion for new trial."* (Emphasis supplied.) Since the second method is used here, the enumeration of error on the ruling on the motion for new trial restricted solely to the general grounds is sufficient for us to consider the general grounds.

The enumeration of error relating to the charge of the court upon the trial of the case, but which does not enumerate as error

the overruling of the motion for new trial on that ground, does not meet the requirement for review as stated therein. This enumeration would be sufficient if the appeal is from the ruling on the motion for new trial as described in the first instance. Accordingly, we will rule only on the general grounds of the motion for new trial. According to *Tiller v. State,* supra, a mere enumeration of error on the action of a trial judge, which is also complained of in the motion for new trial, is only sufficient to present a question for decision as to that error where the overruling of the motion for new trial is the judgment appealed from. Where the overruling of the motion for new trial is not the judgment appealed from, then, in order to prevent the overruling of the motion for new trial from becoming the law of the case, there must be a general enumeration of error on the overruling of the motion, or the enumeration of error must be on *the ruling on the motion for new trial* as to the particular ground alleged as error therein, rather than just enumerating as error the action of the trial judge occurring during the trial.

Where appellant limits his enumeration of error to certain factors, as was done here on enumeration of error 1, we cannot extend this enumeration of error to cover *all* the grounds of the motion for new trial. The ruling by the Supreme Court in *Tiller v. State* made this distinction, and whether we agree with it or not, we are bound thereby. This court in a recent decision in a similar situation held in accordance with this dissent and we are bound by that decision of this court until it is overruled. See *Young v. State,* 119 Ga. App. 34 (165 SE2d 869), in which Divisions 2 and 3 are as follows: "2. Enumerated errors 2 and 3, being the denial of the motion for new trial on the first two of the *general* grounds only, are without merit, because the verdict was authorized by the evidence. 3. Enumerated errors 4 and 5 cannot be considered, because they constitute the *special* grounds of the motion for new trial and the trial court's order denying it, having been neither appealed from nor enumerated as error, constitutes the law of the case as to said grounds. *Tiller v. State,* 224 Ga. 645 (164 SE2d 137)."

The Supreme Court of this State in *Jones v. State,* 225 Ga. 114 (166 SE2d 350), has decided the question. We quote from

that case as follows: "Assigning error on the overruling of one ground of a motion for new trial would prevent the law of the case from applying to that ground of the motion, and the appellate court could review the issue made by the enumeration of error on this ground." It would seem to follow, therefore, that such enumeration of error does not affect any other ground of the motion for new trial as to the law of the case established thereon by the order overruling the motion for new trial.

2. I agree that the evidence was sufficient to authorize a verdict.

I am authorized to state that Judges Eberhardt and Quillian concur in this dissent.