44020. NEWCOMB et al. v. PATTILLO.

Submitted October 9, 1968—Decided March 28, 1969—Rehearing denied April 4, 1969.

*Dunaway, Shelfer, Haas & Newberry, William S. Shelfer, Sr.,*
*William S. Shelfer, Jr.,* for appellants.

*Wilkinson, Nance & Head, A. Mims Wilkinson, Jr., Zachary &*
*Hunter, John C. Hunter,* for appellee.

JORDAN, Presiding Judge. ■ The purported amendment to the enumeration of errors, not filed within the time allowed, will not be considered. *Foskey v. Kirkland,* 221 Ga. 773 (1) (147 SE2d 310); *Arkwright v. State,* 223 Ga. 768, 769 (158 SE2d 370). The original enumeration of errors was filed within the time allowed, however, and includes in the first numbered paragraph the assertion of error "in not sustaining the motion for a new trial, as amended." The remainder of this paragraph and the remaining numbered paragraphs clearly disclose an intent to preserve the issues made by the general and special grounds of the motion. Accordingly, we regard the original enumeration of errors as sufficient to avoid application of the law of the case rule (*Hill v. Willis,* 224 Ga. 263, 268 (161 SE2d 281); *Bryan v. State,* 224 Ga. 389, 390 (162 SE2d 349)) with respect to issues asserted therein and also included in the amended motion for new trial. See *Tiller v. State,* 224 Ga. 645 (164 SE2d 137); *Gainesville Stone Co. v. Parker,* 224 Ga. 819 (165 SE2d 296); *Dawson v. Garner,* 119 Ga. App. 469.

■ The second enumeration and the first special ground of the amended motion are based on the refusal of the court to exclude the testimony of the plaintiff concerning the terms of a written contract of employment. Counsel for the defendant objected on the ground that the contract would be the highest and best evidence. It appears from the plaintiff's testimony that when the collision occurred in December, 1965, she had completed a course of study with H. & R. Block, Inc., and was eligible for employment with this company during the next income tax filing season, at a rate of $2.00 per hour for 40 hours per week, plus an unknown amount of commissions, and for overtime as required, for as long as needed, until April 15 or later. She testified that she was prevented from accepting this employment because of her injuries. Her counsel exhibited to her a document (P-5) which she identified as the contract, but when it was tendered in evidence, counsel for the defendants indicated he

had an objection, and counsel for the plaintiff withdrew the exhibit. We find nothing in the transcript to disclose any further effort to place the exhibit in evidence. While the transcript does disclose a clear disregard of the best-evidence rule (*Code* §§ 38-203, 38-205) with respect to the terms of the contract, upon a proper and timely objection to invoke the rule, we do not regard this error as harmful and as one requiring a reversal of the judgment of the lower court. Even when the testimony is viewed in its most favorable light to the plaintiff and accepted as true, it shows nothing more than the loss of $80 per week in potential earnings for some 3½ months, plus a nebulous amount for commissions and overtime, without any guidelines whereby the jury could determine the loss of any amount in excess of $80 per week, and in this respect it is merely cumulative of and more favorable to the complaining defendants than the plaintiff's record of actual earnings before the collision, including $3,588.56 earned as an employee of the Internal Revenue Service from January 1, to August 20, 1965, and earnings of $3.00 per hour as a model.

■ Appellant complains of the giving of requested instructions to the effect that a motorist following another must govern his speed and control his vehicle "so that he can stop without a collision." Such instruction is an incorrect statement of the law in that the language imposes an absolute duty on the following motorist to avoid a collision, when he is bound only to the exercise of ordinary care under all the circumstances. See *Hay v. Carter*, 94 Ga. App. 382, 384 (94 SE2d 755); *Davenport v. Robinson*, 109 Ga. App. 753, 755 (137 SE2d 380); *Attaway v. Morris*, 110 Ga. App. 873 (5) (140 SE2d 214); *Thomason v. Willingham*, 118 Ga. App. 821 (165 SE2d 865). Subsequently, the court correctly charged that "a leading vehicle has no absolute legal position superior to that of one following and that all the circumstances and conditions at the time and place of the accident sued on must be taken into account."

In this case, the plaintiff stopped at an intersection controlled by a traffic light and was struck from the rear by the defendant. In view of the factual situation in this case and considering the

charge as a whole, we cannot say that the error complained of is "blatantly apparent and prejudicial" (*Hollywood Baptist Church v. State Hwg. Dept.*, 114 Ga. App. 98, 99 (150 SE2d 271) or that a "gross miscarriage of justice" resulted from it (*Nathan v. Duncan*, 113 Ga. App. 630, 638 (149 SE2d 383)) so as to bring it within the exception stated in Sec. 17 (c) of the Appellate Practice Act (*Code Ann.* § 70-207 (c)).

■ The fifth enumeration and the second special ground of the amended motion, as supported by the objections to the court's instructions as given before the jury returned its verdict raise the issue of whether under the evidence it was proper to submit to the jury the issue of permanent injuries. Although the evidence is meager, this was properly a matter for jury determination. This enumeration is without merit.

■ The evidence being sufficient to authorize the verdict and no reversible error appearing, the judgment is affirmed.

*Judgment affirmed. Felton, C. J., Bell, P. J., Hall, Deen and Whitman, JJ., concur. Eberhardt, Pannell and Quillian, JJ., concur specially.*

PANNELL, Judge, concurring specially. I concur in the judgment of affirmance but disagree with the method used in reaching that result. The court properly passed upon the general grounds of the motion for new trial, but should have affirmed all the other enumerations of error because the judgment overruling the motion for new trial, unexcepted to as to these special grounds, is the law of the case. The only enumeration of error pertaining to the overruling of the motion for new trial is as follows: "1. The court erred in not sustaining the motion for a new trial, as amended, of plaintiffs-in-error in that the verdict and judgment rendered in this cause in favor of defendant-in-error is contrary to the evidence and is without evidence to support it; in that the said verdict and judgment is decidedly and strongly against the weight of the evidence; and in that the said verdict and judgment is contrary to law and to the principles of justice." The second enumeration contends: "The court erred in admitting into evidence" certain oral testimony. The third enumeration of error is that "[t]he court erred in giving in charge to the jury defendant-in-error's request to

charge number 2, over objections of the plaintiff-in-error," and sets forth the request to charge. The fourth enumeration of error complains that "[t]he court erred in giving in charge to the jury, over the objection of plaintiffs-in-error request to charge number 2, hereinabove set forth," setting out additional reasons for such error. Enumeration of error number 5 complained that "[t]he court erred in giving in charge to the jury, over objection of plaintiffs-in-error, defendant-in-error's request to charge number 3" in certain particulars set forth. There was no enumeration of error generally as to the overruling of the motion for new trial. The only reference to the overruling of the motion for new trial is contained in enumeration of error number 1 and that enumeration, by the express language of the appellant, is limited to the general grounds only.

I disagree with the judgment affirming on the special grounds of the motion for new trial for the same reasons given for my dissent in *Dawson v. Garner*, 119 Ga. App. 469. No other questions should be passed upon, as the other questions are controlled by the law of the case.

I am authorized to state that Judges Eberhardt and Quillian concur in this special concurrence.