SUBMITTED APRIL 13, 1970—DECIDED MAY 20, 1970.

Lee C. Godfrey, *pro se.*

## 45277, 45278.   STATE HIGHWAY DEPARTMENT v. SULLIVAN; and vice versa.

768

ARGUED APRIL 14, 1970—DECIDED MAY 20, 1970.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Richard L. Chambers, Assistant Attorney General, John H. Hicks, Gerald Mullis,* for appellant.

*Byrd, Groover & Buford, Denmark Groover, Jr.,* for appellee.

DEEN, Judge. ■ The motion to dismiss the appeal is denied. The notice of appeal here is from the final judgment in the case and recites that a motion for new trial was filed

and overruled. The appeal therefore is from a final judgment and does not come under the rule that the appeal must be from a judgment, not a *verdict*. See *Interstate Fire Ins. Co. v. Chattam*, 222 Ga. 436 (150 SE2d 618). The contention in the cross appeal is that the motion for new trial was from the *verdict* (not the judgment) and was not amended to show a plea to set aside the *judgment* until after 30 days had expired, which it is contended could not be done. The motion stresses that the enumeration of errors presents nothing for consideration for the reason that each of them were grounds contained in the amended motion for new trial and no appeal was taken from the order overruling the motion for new trial. The first enumeration of error, however, is from the judgment overruling the motion for new trial and is sufficient to raise all questions within the ambit of that motion. Under *Tiller v. State*, 224 Ga. 645 (164 SE2d 137) and *Jones v. State*, 225 Ga. 114 (166 SE2d 350) it is sufficient to appeal from the final judgment in the notice of appeal and enumerate error on the overruling of the motion for new trial. Further, all of the special grounds of the motion were made separate enumerations of error and must be considered for that reason. Whether the motion for new trial was good or bad, and whether it should have been overruled or dismissed, makes no difference so far as the language and validity of the notice for appeal is concerned, because this only requires that the notice be filed within 30 days after the order granting, overruling, *or otherwise finally disposing of* the motion. *Code Ann.* § 6-803.

■ The six enumerations of error dealing with the alleged improper admission of testimony all refer to damages to the business of Dixie Truck and Auto Parts, Inc., caused by its having to relinquish its leasehold estate in the property owned by Sullivan and others, and they are all directed at the testimony of Sullivan, Sr. (who had been in the business 38 years and had in the past two years average gross sales of about $800,000) and Sullivan, Jr. (manager and stockholder of the company, with 12 years experience). These enumerations of error may be considered together and were generally to testimony regarding the loss to the business from the necessity of moving. The

corporation had an extremely large turnover of second-hand trucks, bodies, and parts, and functioned by buying wrecks and trade-ins, which would be left on the premises and stripped as the occasion demanded. Occasionally parts would be combined to make one complete functioning vehicle; sometimes front or rear end assemblies would be sold as a unit; on other occasions a particular part—machinery, door, wheel, windshield, etc.—would be used. In general it was impossible to disassemble and store all the separate parts of the various makes and models, and the business functioned because of the knowledge of the 20 to 30 employees of the location of the various vehicles on which they might expect to find appropriate parts. During 1966 and 1967 there were operations from both old and new locations, which ran up the overhead. All vehicles and parts which could be efficiently moved were towed to the new location of the business. There remained a large number of partly stripped vehicles in the old location which would over a period of years have been partly or wholly salable, but as to the particular remaining parts of which the certainty of immediate return did not appear sufficient to justify towing charges to the new area, it being a matter of judgment as to the probability of realizing from parts of such vehicles enough to justify removal instead of sale for junk although over the four years which would have remained in the lease had condemnation not been begun it was possible to predict a gross profit figure from the total storage material, although not which parts from the mass of material would have been sold and which not. On this state of facts one or both the witnesses were asked their opinions as to how much would have been sold off, what this would represent in loss of gross profits, or loss in parts or profits, or the profit to be expected from this material in a year, or cost of salvage and an opinion as to whether expenses would have been higher if salvagable material had been left. Aerial photographs of the yard were introduced in evidence. The objections are based primarily on the failure of the witnesses to produce inventory and cost and resale prices on the parts remaining of the hundreds of dismantled vehicles as to which the decision to abandon had been made.

"The holdings of some cases that the loss of prospective profits is to be considered in determining the value of the real estate is one thing. This means no more than that the potential uses of the property may be proved for that purpose. The loss of an established business is an altogether different matter; such loss not merely reflects the value of the real estate, for frequently the value of the business greatly exceeds that of the premises where it is conducted." *Bowers v. Fulton County*, 221 Ga. 731, 739 (146 SE2d 884). As pointed out in 18 Mercer Law Review, p. 38, the express holding in *Bowers* is that injury to business and expense of relocation are two separate items to be added to the value of the physical property in determining the compensation payable to the condemnee. "The only invariable principle of valuation in condemnation proceedings is that the award should reflect what the owner has lost; the criterion is not what the taker has gained. Roberts v. New York City (1935) 295 U. S. 264, 282 (55 SC 689, 79 LE 1429). In the absence of a market value, this may properly be determined by what the property brings in the way of earnings to its owner. Monongahela Navigation Co. v. United States, 148 U. S. 312, 328 (13 SC 622, 37 LE 463)." Spitzer v. Stichman, 278 F2d 402, 410. Depreciation in the value of the inventory of a business is damage incurred by its necessary removal from the premises condemned. State of Montana v. City Service Co., 142 Mont. 559 (385 P2d 604). Where there is an established business experience factor from which profits can be reasonably predicted, but the mass of material would involve a moving cost out of proportion to the likelihood of a particular piece of cumbersome property being sold within a given length of time, as opposed to a probability that a certain percentage of the property not individually ascertainable will be sold within the same time, opinion testimony as to the value of the total is admissible although time factors render impractical the enumeration of all details. A number of examples were in fact given by Sullivan in his testimony and he was extensively cross examined. His experience of almost four decades and his demonstrated knowledge of the value of parts, as well

as his knowledge of the materials salvaged and those left on the lot, certainly qualified him as an expert, and the same is true as to his son.

The testimony in question is opinion testimony as to the value of the remaining hulks, the gross profit as measured by the difference between purchase price and probable sales based on past experience, and the amount which could be expected to have been sold in a one-year and four-year period if no new inventory were added. "When a witness is qualified as an expert, it is not necessary that he state the facts on which his opinion is based but he may do so. *Clemones v. Alabama Power Co.*, 107 Ga. App. 489, 492 (2) (130 SE2d 600)." *Lewis v. State Hwy. Dept.*, 110 Ga. App. 845, 847 (140 SE2d 109). It is well established, both that where the relevancy or competency of evidence is doubtful its weight should be left to the determination of the jury, and that whether a witness has such learning and experience in a given business or profession as to entitle him to present expert testimony is a matter prima facie addressed to the discretion of the trial court. *Carroll v. Hayes*, 98 Ga. App. 450, 452 (105 SE2d 755). The objection to the testimony was because no complete inventory with cost and resale values and number of units in each category was shown. Under the circumstances it becomes apparent that such detailed evidence would have been almost impossible to come by and would have unduly lengthened the trial. The condemnor could and did by cross examination test the knowledge and credibility of the witness, and the final relevance of this part of the evidence was properly left to the jury. The same decision applies to the fifth enumeration of error and testimony that $400 was charged for loss of use of a radiator shop which was moved to the new location, and which was a part of the leased property but not on property actually taken. Whether this was a legitimate item of expense was a question of fact, the condemnee contending that in the long run it was productive of less loss to move the shop than to attempt to run parts of the business in two separate locations.

■ There was an objection to the court's failure to charge that "consequential damages resulting from the condemnation should be set off against consequential benefits. We think that

loss of profits and moving expense, etc., are consequential damages which would be entitled to a setoff for consequential benefits." This objection apparently refers to the leasehold interest of Dixie Truck and Auto Parts, Inc. We agree with the condemnee that no consequential benefits to this business were shown.

*Judgment affirmed on main appeal and on cross appeal. Hall, P. J., and Evans, J., concur.*