## 46169. DAVIS v. THE STATE.

QUILLIAN, Judge. Raymond H. Davis was indicted in the Jones Superior Court on two counts of involuntary manslaughter while in the commission of an unlawful act, to wit, driving under the influence of intoxicating liquors. The charge arose in connection with an automobile collision which resulted in the death of two named individuals. The case came on for trial in which the jury returned a verdict of guilty on both counts, fixing the defendant's punishment at five years on each count with the recommendation that the sentences run concurrently. Sentence was entered in accordance with the recommendation of the jury.

The defendant filed a motion for a new trial on the general grounds which later was amended by adding five special grounds. The defendant also filed a motion for judgment notwithstanding the verdict. The trial judge overruled both motions and appeal was taken to this court. *Held:*

1. Although the overruling of the motion for judgment notwithstanding the verdict is enumerated as error, there is no argument or citation of authority in this regard. Therefore, the ground is deemed abandoned.

2. Appeal was taken from the verdict and judgment of conviction and sentence. The first enumeration of error recites: "The court erred in overruling the defendant's motion for new trial on the general grounds."

Enumeration of errors 2 through 6 raise substantially the same issues as those contained in the amended motion for a new trial. Enumeration of errors 2 through 6 are therefore without merit because the defendant has not enumerated as error the overruling of the amended motion for new trial. The law of the case has become fixed as to these issues. *Ford v. State,* 123 Ga. App. 828 (182 SE2d 489); *Young v. State,* 119 Ga. App. 34 (3) (165 SE2d 869); *Jones v. State,* 225 Ga. 114 (166 SE2d 350). The case of *Dawson v. Garner,* 119 Ga. App. 469 (167 SE2d 741), is not controlling here because as pointed out in that opinion, there the defendant assigned error on the amended motion for a new trial.

3. Thus, the only issue before us is whether the evidence was sufficient to sustain the verdict. The principal contention made by the defendant is that the proof offered by the State failed to establish that the defendant was the driver of the car. In this connection, it is argued that an admission made by the defendant shortly after the accident that he was driving should not be considered because the defendant was deprived of his constitutional rights and the requisite warnings secured to him by Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974). The alleged incriminatory admission was made to a police officer who was investigating the accident. Although the accused was actually given his rights by the officer, it is contended that because of his condition (caused either by intoxication or traumatic shock), he lacked the necessary capacity to understand the warnings or to knowingly "volunteer" a statement. At the time the statement was offered into evidence the defendant interposed no objection on the constitutional grounds nor indeed on any grounds whatsoever. Thus, any question as to whether the detailed requirements of Miranda v. Arizona, supra, were met is not properly before this court. See *Josey v. State*, 102 Ga. App. 707 (1) (117 SE2d 641).

Moreover, even if we do not consider the incriminatory statement made by the defendant, there is ample circumstantial evidence in the record to sustain the conviction. The defendant was found on the driver's side of the vehicle "sitting under" the steering wheel. Our Supreme Court in *McCurry v. Bailey*, 224 Ga. 318 (162 SE2d 9), held that the position of the body near the steering wheel was sufficient to present a jury question as to who was the driver of a vehicle even though there was positive uncontradicted testimony to the contrary.

*Judgment affirmed. Jordan, P. J., concurs. Evans, J., concurs in the judgment only.*

ARGUED MAY 5, 1971—DECIDED OCTOBER 1, 1971—
REHEARING DENIED OCTOBER 27, 1971.—

*Joseph H. Briley,* for appellant.
*George D. Lawrence, District Attorney,* for appellee.