### 46869. LANIER et al. v. ZAYRE OF GEORGIA, INC. et al.

JORDAN, Presiding Judge. On May 8, 1968, a family-purpose automobile operated by James David Cosgrove and owned by his wife struck Wanda Gail Lanier, age 6, in an off-street parking area in front of a retail store operated by Zayre of Georgia. The child died from the inju-

ries. Mrs. Lanier and the child's grandmother were inside the store at the time of the incident. Mrs. Lanier had left the child and two younger children in an automobile parked on the premises, under the supervision of an older sister, age 7. Wanda Gail left the automobile contrary to instructions, moved to an area in front of the store where swing sets were on display, and then moved away from the area into the path of the automobile driven by Cosgrove, which was moving at a 5-15 m.p.h. speed. Three claims against the Cosgroves and Zayre were tried together in the lower court, that of the mother for wrongful death, that of the mother, as administratrix, for pain and suffering of the child before death, and that of the father for loss of services and expense items. The jury returned verdicts for the defendants. The mother, as administratrix, and the father appeal the adverse judgments in their cases following the overruling of motions for a new trial. There is no appeal from the judgment in the wrongful death action. *Held:*

1. There is no merit in the suggestion of counsel for the Cosgroves that because error is not asserted on "the overruling of the amended motions for a new trial" the rulings on the motions became the law of case as to the special grounds of the amended motions, citing *Davis v. State,* 124 Ga. App. 704 (2) (185 SE2d 630). In *Davis,* the appellant asserted error in overruling his "motion for new trial on the general grounds" thus excluding consideration of special grounds added by amendment. Each appellant here asserts error on the overruling of a motion for new trial. This covers the whole motion of each as ruled upon by the trial judge.

2. The only asserted errors argued and insisted upon involve instructions on the avoidance rule stated in *Code* § 105-603. The trial judge charged the rule, referring to "the plaintiff, and the use of her sense of sight or reasonable care for her child, in an ordinarily diligent manner" to avoid the negligence, if any, of Zayre. At the conclusion of instructions counsel for the Laniers objected "be-

cause the charge was made applicable to all three cases, rather than just to the Carolyn Lanier case." On recharge the judge gave the rule in respect to avoiding the negligence of the Cosgroves, as well as Zayre, but referred to "the plaintiff" and "her sense of sight," etc., in the same manner as previously, without otherwise specifically distinguishing which plaintiff he meant, if not all. Counsel did not object to the recharge. We reject the contention that the asserted error on the recharge is one for consideration and review in the absence of any objection before the verdicts. See *Code Ann.* § 70-207.

3. This leaves for consideration only the issue of whether the first instruction on avoidance was error for the reason asserted at the trial in respect to the two cases on appeal.

It would have been a simple matter for the trial judge to clarify the application of the rule when he repeated it on recharge to include the Cosgroves, by merely stating in which of the three cases it applied. But in both the original instructions and the recharge the judge referred to the plaintiff in the feminine gender, creating an implication that he was referring only to Carolyn Lanier, and not her husband, Robert Lanier. He also instructed the jury specifically that "no negligence on the part of the mother [Carolyn Lanier], if any, could be imputed to Robert Lanier in his suit" and "in the event you find that any negligence on the part of either defendant caused or contributed to the death of Wanda Gail Lanier, then Robert Lanier would be entitled to recover in this case, regardless of any negligence on the part of the mother, unless you should find that the negligence of the mother was the sole proximate cause of the death." Under these instructions the jury was precluded from applying the avoidance rule in the case of Robert Lanier. Instead, if the jury followed these instructions, as well as the instructions on accident, the verdict against Robert Lanier represents a jury determination of no liability for one of three reasons: (1) that the event was an accident

in the legal sense, (2) that the defendants were not negligent, or (3) that irrespective of any negligence of the defendants, the proximate cause was the negligence of Carolyn Lanier alone. Consistent with the verdict against Robert Lanier, we think the verdict against Carolyn Lanier, as administratrix, also represents a determination of no liability for reasons other than use of the avoidance rule. The charge as a whole fairly dealt with all facets of each of the three cases.

Under the circumstances here shown the instructions on the avoidance rule do not disclose reversible error for the reason argued and insisted upon.

*Judgments affirmed. Deen and Clark, JJ., concur.*
ARGUED FEBRUARY 7, 1972—DECIDED MARCH 17, 1972.

*Savell, Williams, Cox & Angel, Edward L. Savell, Lawson A. Cox,* for appellants.
*Greene, Buckley, DeRieux & Jones, Burt DeRieux, James A. Eichelberger, Alfred B. Adams, III, Powell, Goldstein, Frazer & Murphy, Eugene G. Partain,* for appellees.